Todd M. Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
329 Bryant Street, Suite 2C
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorney for Plaintiffs and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN O'SHEA, MARK VITCOV, and ROD MORRIS, individually and on behalf of all others similarly situated, | Case No.: 3:16-cv-1668 |
| *Plaintiffs,* | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| 24 HOUR FITNESS USA, INC., a California corporation, | |
| *Defendant.* | |

Plaintiffs Kevin O'Shea, Mark Vitcov, and Rod Morris bring this Class Action Complaint and Demand for Jury Trial against Defendant 24 Hour Fitness USA, Inc. for fraudulently inducing consumers into purchasing supposed "lifetime memberships" to its gyms. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1.     Defendant 24 Hour Fitness owns and operates the largest fitness center chain in the United States.

2.     For the last twenty years, 24 Hour Fitness's sales representatives have used a

uniform set of marketing tactics and aggressive sales pitches to induce consumers into purchasing "lifetime memberships" to its gyms, where they prepaid three years worth of membership fees and, in exchange, only had to pay nominal annual renewal fees each year thereafter (the "Annual Renewal Fee"). Under these purported "lifetime memberships," the Annual Renewal Fees were supposed to remain constant for the remainder of the member's life (the "Lifetime Fee Guarantee").

3.     Unfortunately, now under new ownership, 24 Hour Fitness decided to stop honoring the supposed Lifetime Fee Guarantees it had been promising to its members and began alerting its lifetime members—some of whom had paid the same Annual Renewal Fee for more than two decades—that their Annual Renewal Fees would increase in 2016 (in most cases, to either double or triple their previous rates).

4.     Not surprisingly, thousands of outraged members began posting complaints on the Internet describing how they were promised lifetime memberships by 24 Hour Fitness's sales representatives, but that 24 Hour Fitness was going to start raising their Annual Renewal Fees.[1] 24 Hour Fitness responded by pointing to fine print located on the second page of their standard form membership agreements and argued that it's allowed to increase Annual Renewal Rates as much as it wishes—regardless of the uniform promises that it trained its sales representatives to make to induce consumers into purchasing supposed lifetime memberships.

5.     In the end, 24 Hour Fitness's conduct is a textbook example of a widespread bait and switch scheme: it promised thousands of consumers a lifetime membership with a Lifetime Fee Guarantee to get them to sign up for memberships and then later, after they signed up and committed to keeping their lifetime membership, started increasing their fees.

6.     By and through these practices, and as explained in detail below, 24 Hour

---

[1]     In fact, there is a petition on Change.org with over 2,300 24 Hour Fitness lifetime members complaining about these practices. *See* Change.org, *24 Hour Fitness Unfairly Raising Fees for Guaranteed Lifetime Annual Memberships* (accessed Mar. 25, 2016), https://www.change.org/p/elizabeth-blair-ceo-24-hour-fitness-24-hour-fitness-unfairly-raising-fees-for-guaranteed-lifetime-annual-memberships.

Fitness has made millions of dollars by deceiving thousands of hapless consumers—all in violation of the law.

**PARTIES**

7.    Plaintiff Kevin O'Shea is a natural person and citizen of the State of California.

8.    Plaintiff Mark Vitcov is a natural person and citizen of the State of Oregon.

9.    Plaintiff Rod Morris is a natural person and citizen of the State of Texas.

10.    Defendant 24 Hour Fitness USA, Inc. is a corporation existing under the laws of the State of California with its principal place of business located at 12647 Alcosta Boulevard, Suite 500, San Ramon, California 94583. 24 Hour Fitness conducts business throughout this District, the State of California, and the United States.

**JURISDICTION AND VENUE**

11.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the Class is a citizen of a different state than the Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to this action.

12.    This Court has personal jurisdiction over Defendant because it is a California corporation, its principal place of business is located in California, designed its advertising materials in California, and the events giving rise to this lawsuit occurred, in substantial part, in California.

13.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in, were directed to, and/or emanated from this District. Venue is additionally proper because Defendant is registered to, and regularly does, conduct business in this District, including by entering into consumer transactions in this District.

**INTRADISTRICT ASSIGNMENT**

14.    Pursuant to Civil Local Rule 3-2(d), this case should be assigned to the San

Francisco Division.

## FACTUAL BACKGROUND

**I.      An Overview of 24 Hour Fitness.**

15.      24 Hour Fitness operates the largest chain of fitness centers in the United States, with gyms in over 420 cities (including 139 locations in California alone).

16.      In order to use its facilities, consumers must first purchase a "gym membership that fits [their] schedule and [their] health and fitness goals,"[2] which they can do by walking into a 24 Hour Fitness location and speaking with a sales representative (known as a "Membership Counselor").

17.      Unfortunately, while there are a number of membership options that consumers can choose from, 24 Hour Fitness trains its Membership Counselors to use deception and high-pressure sales tactics to sell—what it claims are—lifetime memberships to its gyms.

**II.      24 Hour Fitness's Membership Counselors Use Scripted Routines and Uniform Sales Pitches to Induce Consumers into Purchasing Supposed Lifetime Memberships.**

18.      When 24 Hour Fitness was founded over 20 years ago, it started offering lifetime memberships because it (i) needed to raise capital in order to expand and wanted to use the prepaid membership dues required to be lifelong members to build new gyms, and (ii) sought to differentiate itself from other gyms during a time-period when there was a lot of competition in the fitness industry and fitness clubs were constantly going out of business.

19.      Consumers could purchase these lifetime memberships by prepaying three years worth of membership fees. After that, these members would only have to pay nominal annual renewal fees each year thereafter, which were supposed to remain constant for the remainder of the member's life.

20.      In order to sell these lifelong memberships, 24 Hour Fitness designed scripted routines and aggressive sales pitches that it trained its Membership Counselors to use to

---

[2]      Club Membership, 24 HOUR FITNESS, http://www.24hourfitness.com/membership/ (last visited Apr. 1, 2016).

convince consumers into purchasing them.[3]

          A.    *24 Hour Fitness Sold Lifetime Memberships to Consumers Even Though Its Standard Membership Contracts Didn't Contain Any Guarantees.*

    21.    The problem is, after April 2006,[4] the standard form membership agreements that 24 Hour Fitness had these lifetime members sign didn't actually guarantee that their memberships would be lifelong. Instead, in fine print located on the second page of these standard form membership agreements, they actually said the opposite: that is, that 24 Hour Fitness could increase all subsequent annual renewal amounts on prepaid memberships.

    22.    Nonetheless, when consumers visited 24 Hour Fitness seeking to purchase memberships, 24 Hour Fitness displayed marketing materials around its facilities encouraging prospective members to ask about its lifetime memberships.[5]

    23.    24 Hour Fitness's Membership Counselors were then trained to push these supposed lifelong memberships and hurry prospective members through the contract so they wouldn't discover that that's not actually what their contracts said. Former 24 Hour Fitness managers even admit that their Membership Counselors were trained to promise "lifetime memberships" to potential lifetime members even though the written contracts did not reflect such a promise[6], and, likewise, Membership Counselors even admit being trained to tell potential lifetime members that they would receive "lifetime memberships."[7]

---

[3]    *See* Consumer Complaints and Reviews for 24 Hour Fitness, CONSUMER AFFAIRS, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=6 (last visited Apr. 1, 2016) ("I used to work in sales at 24 Hour Fitness . . . and we were trained to tell people this is the price they would pay for the rest of their lives . . . .").

[4]    Prior to 2006, 24 Hour Fitness's membership contracts actually stated it would not increase lifetime members' Guaranteed Annual Renewal Amounts as long as they remained in good standing.

[5]    BBB Business Review, *24Hour Fitness USA Inc*, http://www.bbb.org/sdoc/business-reviews/health-clubs/24hour-fitness-usa-inc-in-carlsbad-ca-9000777/complaints (last visited Mar. 6, 2016).

[6]    Change.org, *24 Hour Fitness Unfairly Raising Fees for Guaranteed Lifetime Annual Memberships*, https://www.change.org/p/elizabeth-blair-ceo-24-hour-fitness-24-hour-fitness-unfairly-raising-fees-for-guaranteed-lifetime-annual-memberships/c (last visited Mar. 6, 2016).

[7]    Consumers Affairs, *24 Hour Fitness*, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=5 (last visited

24.     Every sales pitch used by 24 Hour Fitness's Membership Counselors was virtually the same:

- First, after convincing consumers to purchase a lifelong membership, 24 Hour Fitness's Membership Counselors were instructed to tell potential members that they did not need to read the fine print on the written membership contracts because they were for "lifetime memberships"—as was verbally represented;[8]

- Then, 24 Hour Fitness's Membership Counselors would tell the potential customer what a "great deal" they could get by purchasing a lifetime membership, at the same time they were being asked to sign the written agreement that contained no such guarantee.[9]

25.     If a consumer was hesitant or insisted on reading the membership contracts before signing them, 24 Hour Fitness's Membership Counselors were trained to get even more aggressive and insist that the potential member needed to sign immediately or risk losing a "great deal."[10]

---

Mar. 8, 2016).

[8]     *See, e.g.*, Reddit, *24 Hour Fitness Increasing "Lifetime" membership rate - is this legal? (California)*, https://www.reddit.com/r/legaladvice/comments/3ayunb/24_hour_fitness_increasing _lifetime_membership/ (last visited Mar. 6, 2016) (emphasis added) ("I have bought 3 different "lifetime" memberships [from 24 Hour Fitness]. I was told verbally that the rate was "for life" when purchasing each membership. This is why I bought them and paid a large "up front" amount of money. . . . My husband just got his notice and his rate has been increased from $29 to $79. . . . The sales rep at the 24 Hour Concord, CA did deceive me. I recall being told that the contracts are "all the same" and *no need to spend the time to read all the fine print.*").

[9]     *See, e.g.*, Consumer Affairs, *24 Hour Fitness*, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=8 (accessed Mar. 10, 2016) ("24 Hour Fitness had a promotion back in 2006 of [$]700.00 upfront . . . and after the third year a charge of 29.00 a year for life was going to apply. A sales associate gave me the contract to sign after he explained this "great deal" and I signed and I paid the 700 hundred dollars there. After the third year I began to pay 29.00 every year. I continued for all this time without a problem until now that I received the annual bill charging me 104.00!!!").

[10]    *See, e.g.*, BBB Business Review, *24Hour Fitness USA Inc.*, http://www.bbb.org/sdoc/business-reviews/health-clubs/24hour-fitness-usa-inc-in-carlsbad-ca-9000777/complaints (accessed Mar. 10, 2016) ("I was conned by a 24 Hour Fitness salesperson. I was told that for a prepaid membership of $700 there were no monthly fees for

B.   *Thousands of "Lifetime Members" are Outraged After 24 Hour Fitness Decides to No Longer Honor Its Lifetime Guarantees.*

26.   Unfortunately, now under new ownership, 24 Hour Fitness decided to stop honoring the supposed Lifetime Fee Guarantees it had been promising to its members and began alerting its lifetime members—some of whom had paid the same Annual Renewal Fee for more than two decades—that their Annual Renewal Fees would increase in 2016 (in most cases, to either double or triple their previous rates).

27.   Not surprisingly, thousands of consumers immediately began posting complaints on the Internet, including the following examples:

- I have this same contract. When it began, it was verbally expressed to me that my rate could stay fixed at $29 for life. All that was required was to pay it when it was due and not cancel my membership and it would be guaranteed to stay at that price for life. That is clearly not the case if I am now being told that my rate is going up.[11]

- Clear bait and switch…. Sales guy lied that $30/month life time membership due will never increase and had me sign on a contract that clearly says in 3(c) that dues can be increased at any time. BAD FAITH. willfully mis-lead me into signing a contract based on mis-information. This happened across the nation over and over.[12]

- I was told when I paid for three years that after the three years were up, the payment would be "49 for the rest of my life".[13]

---

three years and then it would only be $29 per year thereafter.  I specifically asked if that annual fee was subject to change, and I was told, "No, after three years, just $29 a year for as long as you stay a member."  This was a lie.  My annual renewal fee for the upcoming year was increased 272% to $79.  *He also told me that the promotional offer was expiring that day so I had to act that day or miss the offer.*  This was a lie. . . .  It is a brilliant con i[n] that they cheated many people out of a relatively small amount of money with false claims that required years to discover, so that no one will have recourse . . . *BTW, the contract was two legal-sized pages of multiple columns of fine print.  I told the salesperson I didn't have my reading glasses with me.  That's when he told me the offer ended that day.*  And that is why I specifically asked if the dues would ever be raised beyond the $29 per year, and was told "no." . . . I am a senior living on a limited fixed income, and I would not have agreed to a financial stipulation that contained unlimited fee increases with no cap.").

[11]   Change.org, *24 Hour Fitness Unfairly Raising Fees for Guaranteed Lifetime Annual Memberships*, https://www.change.org/p/elizabeth-blair-ceo-24-hour-fitness-24-hour-fitness-unfairly-raising-fees-for-guaranteed-lifetime-annual-memberships/c (last visited Mar. 6, 2016).

[12]   *Id.*

[13]   *Id.*

---

- False advertising and selling practice. The sales person specifically told m that the $29 would be for life – he said "we do this because you'll be a customer for life." This is corporate greed and false advertising.[14]

- I was also told my rate was locked in "for life". My rate increased from 29.99 annually to 79.99[.] They're training their staff to lie to potential members. This is fraud![15]

- I was verbally promised no increase in rates after paying a significant amount up front and now they are talking about raising the rates. As it turns out the verbal contract and the written contract were not the same. This was a bait and switch and is disgusting behavior by 24 HR Fitness.[16]

- I was told face to face that my rate would be 100 [p]er year as long as I stayed current at the end of my three year contract. Blatantly lied to by in gym personnel.[17]

- On June 4, 2007 a 24 Hour[] Fitness [salesperson] sold me a 3 year plan for $750 with the promise of $29 a year after that. I bought into the plan on the value of the indefinite $29-a-[year] payments [the salesperson] promised . . . only to be surprised [in 2015] by a $79/year increase . . . an almost 300% increase . . . I call[ed] 24 Hour Fitness Customer Service and was told there was a "clause 3c" that allowed 24 Hour Fitness to raise rates . . . This came as a surprise to me because [the salesperson] had not brought this up during her pitch which now comes across as having been misleading at best and deceptive at worst. Price was a major selling point of the [prepaid] plan and for [the salesperson] to sell the $29/year aspect without mentioning the said "clause 3c" **hidden in mounds of small print** at the back of the 5th page of the documentation she gave, smacks of shady practice that I would never have associated with an international corporate brand like 24 Hour Fitness. $750 is a lot of money [to me] and plunking it down for [a] gym membership in one sitting is something I would never have done had I not believed 24 [Hour] Fitness could be trusted . . . .[18]

- Purchased [a] 3 year Prepa[id] [Plan] for $800 around June 19, 2006. (Reason I remember, it was a Birthday Gift . . . I paid half, mother paid half.) Was verbally promised a 3-year membership with a $29.00 annual renewal membership . . . This price hike irritates, frustrates, and infuriates me as a 9-year customer of 24 Hour Fitness. In my honest opinion,

---

[14]   *Id.*

[15]   *Id.*

[16]   *Id.*

[17]   *Id.*

[18]   BBB Business Review, *24 Hour Fitness*, http://www.bbb.org/sdoc/business-reviews/health-clubs/24hour-fitness-usa-inc-in-carlsbad-ca-9000777/complaints (last visited Mar. 10, 2016). (Emphasis added.)

---

**Bamboozled, Bait and Switched, Hoodwinked** all describes what 24 Hour Fitness is pulling here. I'm not exactly sure how legal this is but just because it is legal does not make it right. For years I have been of the belief that 24 Hour Fitness has been constantly trying to weed out the loyal long term annual buyers. (Especially since the new acquisition/buy out) . . . .[19]

28.     In addition to illustrating the outrage expressed by an overwhelming portion of 24 Hour Fitness's members, these complaints also confirm that "lifetime members" were all subjected to the virtually identical sales pitches described in Section II.A above. A local news station, CBS Sacramento, even did a story about 24 Hour Fitness raising the rates of its "lifetime" members and recognized that "there is power in a pattern of people [all] telling the same story."[20]

29.     To make matters worse, 24 Hour Fitness responded to member inquiries about why their "lifetime" rates were going up by claiming that they never had lifetime memberships in the first place and are allowed to change the membership rates at anytime according to the standard form written membership contracts.[21] In certain circumstances, 24 Hour Fitness even responded that it did not care what its Membership Counselors had promised them.[22]

30.     The common theme among all of the complaints described above—a theme reinforced by Plaintiffs' experiences in this case—is that 24 Hour Fitness designed its sales tactics to misrepresent that its lifetime memberships came with Lifetime Fee Guarantees specifically to lure consumers into purchasing lifetime memberships to its gyms.

---

[19]     Consumer Affairs, *24 Hour Fitness*, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=12 (last visited Mar. 10, 2016).

[20]     Kurtis Ming, *Call Kurtis: 24 Hour Fitness Members Say Company Lied About Lifetime Pricing*, CBS SACRAMENTO, http://sacramento.cbslocal.com/2016/01/11/24-hour-fitness-members-deal-out-more-cash-than-they-expected/ (last visited Mar. 11, 2016).

[21]     *See, e.g.*, Facebook, *Ries Michael* (Feb. 17, 2016), https://www.facebook.com/search/top/?q=ries%20michael%2024%20hour%20fitness (last visited Apr. 1, 2016).

[22]     Consumer Affairs, *24 Hour Fitness*, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=2 (last visited Mar. 8, 2016).

---

**III.    Plaintiffs' Experiences.**

  *A. Plaintiff O'shea's Experience.*

  31. Plaintiff O'Shea purchased—what a 24 Hour Fitness representative promised was—a lifetime membership to 24 Hour Fitness for $700 on January 28, 2008. It was important to his purchasing decision that this was a "lifetime" membership. His Annual Renewal Fee stayed at a locked-in rate of $49 until January 2016, when it was raised to $124.

  *B. Plaintiff Vitcov's Experience.*

  32. Plaintiff Vitcov purchased—what a 24 Hour Fitness representative promised was—a lifetime membership to 24 Hour Fitness for $545 on February 25, 2007. He considered the promise of a lifetime rate to be very important to his purchasing decision. His Annual Renewal Fee stayed at his starting-rate of $69 until recently, when it was increased to $119.

  *C. Plaintiff Morris's Experience.*

  33. Plaintiff Morris purchased—what a 24 Hour Fitness representative promised was—a lifetime membership to 24 Hour Fitness for $700 on December 16, 2006. He would not have prepaid such a substantial sum if not for the oral representation that his rate would stay capped for life. His Annual Renewal Fee stayed at a locked-in rate of $49 until January 2016, when it was increased to $161.29.

## CLASS ALLEGATIONS

  34. **Class Allegations**: Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and classes of similarly situated individuals, defined as follows:

> **Class**: All individuals in the United States who purchased a prepaid membership from 24 Hour Fitness, whose contract was drafted in or after April 2006, and who maintained their membership with 24 Hour Fitness in or after April 2015.

> **California Subclass**: All Class members who reside in the State of California.

> **Oregon Subclass**: All Class members who reside in the State of Oregon.

> **Texas Subclass**: All Class members who reside in the State of Texas.

The following people are excluded from the Class, California Subclass, Oregon Subclass, and Texas Subclass (collectively the "Class," unless otherwise indicated): (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consist of thousands of individuals. Members of the Class can be easily identified through Defendant's records.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include:

a)     whether 24 Hour Fitness designed and trained its Membership Counselors to use scripted routines and aggressive sales pitches to induce consumers into purchasing lifetime memberships;

b)     whether 24 Hour Fitness used scripted routines and aggressive sales pitches to induce consumers into purchasing lifetime memberships;

c)     whether 24 Hour Fitness's conduct constitutes fraud;

d)     whether 24 Hour Fitness's conduct violated Cal. Civ. Code §§ 1750, *et seq.*;

e)     whether 24 Hour Fitness's conduct violated Cal. Bus. & Prof. Code §§

17200, *et seq.*;

f)      whether 24 Hour Fitness's conduct violated Cal. Civ. Code §§ 1812.80 *et seq.*;

g)      whether 24 Hour Fitness's conduct violated Or. Rev. Stat. §§ 646.638, *et seq.*; and

h)      whether 24 Hour Fitness's conduct violated Tex. Bus. & Com. Code §§ 17.50, *et seq.*

37.     **Typicality**: Plaintiffs' claims are typical of the claims of the other Class members. Plaintiffs and the Class members sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiffs and the Class.

38.     **Adequate Representation**: Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class, and they have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

39.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect the members of the Class uniformly and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the whole of the Class, not on facts or law applicable only to Plaintiffs.

40.     **Superiority**: This class action is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient

adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Reformation**
**(On Behalf of Plaintiffs and the Class)**

41.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

42.     As grounds for reformation, Plaintiffs plead in the alternative: (a) mutual mistake, (b) unilateral mistake, and (c) fraud in the inducement.

*(a) Mutual mistake*

43.     Defendant orally offered Plaintiffs a "lifetime membership" in exchange for Plaintiffs making a substantial lump sum "prepayment" of their membership dues.

44.     This oral offer of a "lifetime membership" included an oral promise that 24 Hour Fitness would cap the Annual Renewal Fee at a lifetime rate.

45.     Plaintiffs accepted this oral offer, and Plaintiffs and Defendant memorialized their agreement in a written contract.

46.     Plaintiffs and Defendant's agents both believed that the written agreement accurately reflected their oral agreement.

47.     As the draftsman of the written agreement and as the one making the representation of a "lifetime membership" with a Lifetime Fee Guarantee, 24 Hour Fitness

bore the risk that the written agreement did not conform to the oral agreement.

48.    The parties' mutual mistake in accurately reducing their oral agreement to writing affected a material term because it resulted in the deletion of the Lifetime Fee Guarantee from the written agreement. The Lifetime Fee Guarantee was material to Plaintiffs because Plaintiffs would not have paid so much money up-front if they had known that they were not receiving a written promise of a lifetime membership rate.

49.    Thus, the written agreement should be reformed to conform to the parties' oral understanding.

### *(b) Unilateral mistake*

50.    In the alternative, Plaintiffs are entitled to reformation on the basis of unilateral mistake.

51.    24 Hour Fitness knew, suspected, or had reason to know that Plaintiffs believed that the written agreement was a "lifetime membership" at the time of signing.

52.    The written agreement was not actually a lifetime membership and did not reflect the oral promise that a "lifetime membership" included a Lifetime Fee Guarantee.

53.    This misunderstanding went to the essence of the contract, since Plaintiffs believed that the contract was for a "lifetime membership" and would not have bought the membership if they had known 24 Hour Fitness was not going to honor it.

54.    Plaintiffs were, in fact, mistaken about whether the written agreement contained a Lifetime Fee Guarantee. In actuality, the written agreement in Section 3(c) purported to give 24 Hour Fitness the power to raise the Annual Renewal Fee as much as it wanted.

55.    24 Hour Fitness knew or had reason to know that Plaintiffs were mistaken about the terms of the written contract because 24 Hour Fitness caused Plaintiffs' mistake through its oral representations.

56.    24 Hour Fitness used Plaintiffs' mistake to take advantage of Plaintiffs.

57.    Had Plaintiffs known that the written contract was not a true lifetime

1    membership, Plaintiffs would not have signed the agreement.

2       58.    Plaintiffs are thus entitled to reformation of the written agreement to reflect

3    Plaintiffs' understanding that the written contract reflected a lifetime membership with a

4    Lifetime Fee Guarantee.

5       *(c) Fraud in the inducement*

6       59.    In the alternative, Plaintiffs are entitled to reformation on the basis of fraud in

7    the inducement.

8       60.    Defendants represented to Plaintiffs that the written agreement reflected the

9    "lifetime membership" that they were orally promised, including a lifetime cap on the

10   Annual Renewal Fee.

11      61.    Defendants knew that this representation was not true at the time it was made.

12      62.    Defendants made this representation to persuade and induce Plaintiffs to sign

13   the written agreement.

14      63.    Plaintiffs reasonably relied on Defendants' representation that the written

15   agreement was a "lifetime membership."

16      64.    And Plaintiffs would not have signed the contract if Plaintiffs had known that

17   the written agreement did not reflect the orally promised "lifetime membership."

18      65.    Thus, Plaintiffs are entitled to reformation of the written agreement to

19   conform with what Defendants' orally represented the membership to be: a lifetime

20   membership which included a Lifetime Fee Guarantee.

21      66.    As a result of either the mutual mistake, the unilateral mistake known to

22   Defendants, or Defendants' fraud, Plaintiffs and the Class seek a declaratory judgment that

23   their contracts have been reformed to include a Lifetime Fee Guarantee.

24                              **SECOND CAUSE OF ACTION**
                                          **Restitution**
25                          **(On Behalf of Plaintiffs and the Class)**

26      67.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

27      68.    Reformation of the written agreement to reflect the orally represented

28

---

"lifetime membership" is an insufficient remedy by itself because Plaintiffs have still overpaid for Annual Renewal Fees that were higher than the orally represented "lifetime" rate. Plaintiffs' Annual Renewal Fee *should have* been capped at their starting rate. But Plaintiffs paid amounts beyond the cap because 24 Hour Fitness demanded these payments and told Plaintiffs that their memberships would be canceled if they did not pay.

69.    Restitution is appropriate to restore these overpayments to Plaintiffs.

70.    Plaintiffs conferred a benefit on 24 Hour Fitness by overpaying on the Annual Renewal Fee above the amount of the orally represented lifetime rate.

71.    24 Hour Fitness would be unjustly enriched if it got to keep the difference between the orally represented lifetime rate and the actual fee assessed. It would be inequitable to allow 24 Hour Fitness to retain money it obtained via fraud or taking advantage of Plaintiffs' mistake.

72.    Thus, Plaintiffs are entitled to restitution in the amount of any overpayments (beyond the capped amount).

**THIRD CAUSE OF ACTION**
**Violation of California Legal Remedies Act**
**Cal. Civ. Code §§ 1750, *et seq*.**
**(On Behalf of Plaintiff O'Shea and the California Subclass)**

73.    Plaintiff O'Shea incorporates the foregoing allegations as if fully set forth herein.

74.    24 Hour Fitness violated the following CLRA provisions by representing to consumers that it was selling them a lifetime membership with a Lifetime Fee Guarantee when in fact it was not:

- Cal. Civ. Code § 1770(a)(5) (for representing that services have "characteristics" or "benefits" which they do not in fact have);

- Cal. Civ. Code § 1770(a)(13) (for making false or misleading statements as to the existence of price reductions);

- Cal. Civ. Code § 1770(a)(14) (for representing that a transaction confers or involves legal rights when it does not in fact involve or confer those

rights); ad

- Cal. Civ. Code § 1770(a)(18) (for misrepresenting the authority of a salesperson to negotiate the final terms of a transaction with a consumer).

75.    By putting posters on its gyms stating "Lifetime Memberships" when its written adhesion contracts did not confer any lifetime benefits, 24 Hour Fitness violated Cal. Civ. Code § 1770(a)(9) by advertising services with the intent not to sell them as advertised.

76.    Plaintiff O'Shea was damaged by these CLRA violations because he would either not have bought a 24 Hour Fitness membership at all, would not have paid as much up-front for such a membership, or would have sought cheaper options if he had not been misled to believe that he was receiving a "lifetime membership"—with a Lifetime Fee Guarantee.

77.    As a result of Defendant's CLRA violations, some members of the California Subclass chose to cancel their memberships instead of paying for a fee increase that they saw as unfair.

78.    Pursuant to Cal. Civ. Code § 1780(a)(2), Plaintiff O'Shea asks for an order permanently enjoining the methods, acts, and practices of 24 Hour Fitness that constitute a CLRA violation—including an order requiring 24 Hour Fitness to reinstate any prepaid members who cancelled their memberships after being assessed an increased Annual Renewal Fee. Plaintiff O'Shea also requests costs and attorneys' fees under Cal. Civ. Code § § 1780(d).

**FOURTH CAUSE OF ACTION**
**Violation of Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200**
**(On Behalf of Plaintiff O'Shea and the California Subclass)**

79.    Plaintiff O'Shea incorporates the foregoing allegations as if fully set forth herein.

*(a) Unfair prong*

80.    The unfair prong of the UCL is intentionally broad to allow courts to prevent new schemes to defraud.

81.    24 Hour Fitness has engaged in an unfair business practice by orally

promising a lifetime membership and then having consumers instead sign a written agreement that contained no such lifetime guarantees.

82.   The harm of this business practice to consumers outweighs any legitimate benefit, and the practice runs counter to the public policy of the State of California embodied in numerous state statutes which forbid fraud and fraudulent business practices.

### *(b) Fraud prong*

83.   Members of the public were likely to be deceived when 24 Hour Fitness orally promised a "lifetime membership" but did not actually include any "lifetime" provisions in its written agreements.

84.   Plaintiff O'Shea was so-deceived into thinking the written agreement actually reflected a "lifetime membership."

85.   Plaintiff O'Shea lost money or property by paying up-front for a lifetime membership with a Lifetime Fee Guarantee and not actually receiving a true lifetime membership. Plaintiff O'Shea was also damaged by overpaying for Annual Renewal Fees that were assessed beyond the orally promised cap.

86.   Plaintiff O'Shea asks for restitution for any overpayment beyond the orally promised cap and an injunction against the complained-of business practices to prevent further violations of the UCL.

### FIFTH CAUSE OF ACTION
### Fraud
### (On Behalf of Plaintiff O'Shea and the California Subclass)

87.   Plaintiff O'Shea incorporates the foregoing allegations as if fully set forth herein.

### *(a) Intentional misrepresentation*

88.   24 Hour Fitness orally represented to Plaintiff O'Shea that his written contract contained a legally enforceable provision guaranteeing him a capped lifetime rate on his Annual Renewal Fee.

89.   24 Hour Fitness represented that 24 Hour Fitness could *never* increase

Plaintiff O'Shea's Annual Renewal Fee. And 24 Hour Fitness represented to Plaintiff O'Shea that he was becoming a "lifetime member" by prepaying his membership dues.

90.     24 Hour Fitness's representations were false: it removed the Lifetime Fee Guarantee provision from its written adhesion contract in April 2006. After April 2006, it effectively no longer offered lifetime memberships (in writing).

91.     24 Hour Fitness knew at the time of the representation of a "lifetime membership" that it effectively no longer offered this type of membership (in writing). Continuing to orally promise lifetime memberships to consumers was reckless, and 24 Hour Fitness acted without regard for the truth.

92.     24 Hour Fitness intended for Plaintiff O'Shea to rely on the promise of a lifetime membership and to induce him to prepay for his membership up-front in exchange for this false promise of a Lifetime Fee Guarantee.

93.     Plaintiff O'Shea reasonably relied on 24 Hour Fitness's representation that he was purchasing a "lifetime" membership.

94.     Plaintiff O'Shea was harmed when 24 Hour Fitness raised his Annual Renewal Fees and told him that the payment of the higher fees was mandatory or his membership would be cancelled. Had Plaintiff O'Shea not relied on 24 Hour Fitness's promise of a "lifetime" membership, he could have received a better locked-in rate from another fitness center or considered other payment options with 24 Hour Fitness. If Plaintiff O'Shea had not prepaid a substantial sum of money up-front, he could have received the time-value of his money (such as interest).

### (b) False promise

95.     24 Hour Fitness promised Plaintiff O'Shea a "lifetime" membership. This promise was important to the transaction: Plaintiff O'Shea would have considered other gyms or other payment options with 24 Hour Fitness had 24 Hour Fitness *not* promised Plaintiff O'Shea a "lifetime" membership.

96.     24 Hour Fitness did not intend to provide this "lifetime" membership or its

attendant Lifetime Fee Guarantee when the promise was made. 24 Hour Fitness removed this lifetime guarantee from its written contracts in April 2006 precisely because 24 Hour Fitness intended to raise its Annual Renewal Fee in the future, even though it continued to orally promise potential customers a "lifetime" membership rate.

97.     24 Hour Fitness intended that Plaintiff O'Shea rely on the promise of a "lifetime" membership in purchasing a 24 Hour Fitness membership.

98.     Plaintiff O'Shea reasonably relied on this promise by prepaying a significant sum of money up-front in exchange for what he reasonably believed to be a "lifetime membership."

99.     24 Hour Fitness did not, in actuality, provide the orally promised Lifetime Fee Guarantee to Plaintiff O'Shea. 24 Hour Fitness raised his rates.

100.     Plaintiff O'Shea was harmed by paying additional money for his Annual Renewal Fee when he was promised that this fee would stay capped at a lifetime rate. If Plaintiff O'Shea had joined another gym instead, he could have been locked into better rates. Alternatively, if Plaintiff O'Shea had known that the membership did not truly offer "lifetime" protections, he could have bargained with 24 Hour Fitness for a better price.

101.     Plaintiff O'Shea asks for compensatory and punitive damages subject to proof.

**SIXTH CAUSE OF ACTION**
**Violation of Health Studio Services Contract Law**
**Cal. Civ. Code §§ 1812.80, *et seq.***
**(On Behalf of Plaintiffs O'Shea and the California Subclass)**

102.     Plaintiff O'Shea incorporates the foregoing allegations as if fully set forth herein.

103.     24 Hour Fitness is a provider of "health studio services" within the meaning of Cal. Civ. Code § 1812.81.

104.     24 Hour Fitness violated Cal Civ Code § 1812.86 by placing *no limit* in its contracts on the amount it can charge customers over their lifetimes. For customers who signed up between January 1, 2006 and January 1, 2010, 24 Hour Fitness is not permitted to

1   charge them more than $3,000 (including their prepayment amount) over the course of their

2   lifetimes. § 1812.86(b). For customers that signed up after January 1, 2010, 24 Hour Fitness

3   cannot charge them more than $4,400 (including their prepayment amount) over the course

4   of their lifetimes. § 1812.86(c). Contracts that are non-compliant with § 1812.86 are void *ab*

5   *initio*, so Plaintiff O'Shea is entitled to have his membership fees refunded. Cal. Civ. Code §

6   1812.91.

7       105.   24 Hour Fitness also violated § 1812.92 by willfully and falsely, fraudulently,

8   and/or misleadingly representing to consumers that its prepaid memberships were lifetime

9   memberships, when the written contract contained no lifetime provisions. Consumers

10  reasonably relied on this representation by investing a substantial sum of money to purchase

11  a prepaid membership from 24 Hour Fitness in the belief that they were receiving a locked-in

12  lifetime rate. 24 Hour Fitness specifically trained its salespeople to tell consumers that they

13  were receiving lifetime memberships, even though such memberships did not exist on paper.

14  Because 24 Hour Fitness's conduct violated §1812.92, its prepaid memberships are void *ab*

15  *initio*, so Plaintiff O'Shea is entitled to have his membership fees refunded. § 1812.92.

16      106.   For 24 Hour Fitness's violation of California's Health Studio Services

17  Contract Law, Plaintiff O'Shea requests actual damages, treble damages, and attorneys' fees,

18  pursuant to Cal. Civ. Code § 1812.94(a).

19
20              **SEVENTH CAUSE OF ACTION**
                **Unlawful Trade Practices Act**
                **Or. Rev. Stat. §§ 646.638, *et seq.***
21        **(On behalf of Plaintiff Vitcov and the Oregon Subclass)**

22      107.   Plaintiff Vitcov incorporates the foregoing allegations as if fully set forth

23  herein.

24      108.   By orally representing that Plaintiff Vitcov would receive a "lifetime

25  membership" with a Lifetime Fee Guarantee when the written contract contained no such

26  lifetime provisions, 24 Hour Fitness violated the following provisions of Oregon's UTPA:

27          •   Or. Rev. Stat. § 646.608(e) (for representing that services have

28              "characteristics," "benefits," and "qualities" that they do not have);

- Or. Rev. Stat. § 646.608(j) (for making false or misleading statements of facts regarding the existence of price reductions);

- Or. Rev. Stat. § 646.608(t) (for concurrently with delivery of services, failing to disclose any known, material nonconformity);

- Or. Rev. Stat. § 646.608(u) (for engaging in unfair or deceptive conduct in trade or commerce); and

- Or. Rev. Stat. § 646.608(cc) (for failing to furnish a written list of all membership categories, which would have shown there was no lifetime membership, and for orally selling a form of membership plan that was not included on any written list). *See also* Or. St. § 646A.032.

109.    By posting signs around its gyms stating "Lifetime Memberships," 24 Hour Fitness violated Or. Rev. Stat. § 646.608(i) for advertising goods with the intent not to provide them as advertised.

110.    Plaintiff Vitcov has suffered an ascertainable loss by overpaying beyond the orally promised lifetime cap on his Annual Renewal Fees. This loss was the direct result of Defendant's aforementioned violations of Oregon's UTPA.

111.    On behalf of himself and others similarly situated, Plaintiff Vitcov requests the greater of: actual damages or statutory damages of $200 per person, plus punitive damages, and any equitable relief the Court considers necessary or proper to remedy the violations of the UTPA. Plaintiff Vitcov also request costs and attorneys' fees pursuant to § 646.638(3).

### EIGHTH CAUSE OF ACTION
### Fraud
### (On behalf of Plaintiff Vitcov and the Oregon Subclass)

112.    Plaintiff Vitcov incorporates the foregoing allegations as if fully set forth herein.

113.    Defendant made a representation that Plaintiff Vitcov was purchasing a lifetime membership, which included a Lifetime Fee Guarantee.

1    114.    Defendant's representation was in fact false because: the written agreement

2    nowhere contained the word "lifetime" and it even asserted 24 Hour Fitness's right to raise

3    the Annual Renewal Fee at any time.

4    115.    The representation that Plaintiff Vitcov was buying a "lifetime membership"

5    was material to the transaction because it went to the very core of what Plaintiff Vitcov

6    believed he was buying.

7    116.    24 Hour Fitness knew or was willfully ignorant about the truth of its

8    representation that the written agreement represented a "lifetime membership."

9    117.    24 Hour Fitness intended for its representation that Plaintiff Vitcov was

10    buying a "lifetime membership" to induce him to pay a significant amount of money up-front

11    and to sign its written adhesion contract.

12    118.    Plaintiff Vitcov did both of these things in reliance on Defendant's oral

13    representations.

14    119.    Plaintiff Vitcov did not know that he was not in fact getting any written legal

15    promise of a "lifetime" membership or a lifetime cap on Annual Renewal Fees.

16    120.    Plaintiff Vitcov relied and had a right to rely on Defendant's oral

17    representations that the membership was a "lifetime membership"—both because Plaintiff

18    Vitcov's reliance was reasonable and because as the more sophisticated party in the

19    transaction, 24 Hour Fitness was under a legal duty to accurately portray to Plaintiff Vitcov

20    what he was signing.

21    121.    Plaintiff Vitcov's injuries—in overpaying for Annual Renewal Fees beyond

22    the promised lifetime cap and not having the opportunity to seek a better deal—were directly

23    and proximately caused by Defendant's oral representation that Plaintiff Vitcov was

24    purchasing and signing a "lifetime membership."

25    122.    Plaintiff Vitcov asks for compensatory and punitive damages subject to proof.

26

27

28

## NINTH CAUSE OF ACTION
### Texas Health Spa Act
### Tex. Occ. Code §§ 702.001 *et seq.*
### (On Behalf of Plaintiff Morris and the Texas Subclass)

123.    Plaintiff Morris incorporates the foregoing allegations as if fully set forth herein.

124.    24 Hour Fitness is a "health spa" within the meaning of Tex. Occ. Code § 702.003(4).

125.    In violation of § 702.402(a)(2)(D), 24 Hour Fitness made material misrepresentations to prospective members about the membership rights they would be receiving if they purchased a prepaid membership. 24 Hour Fitness told prospective members that they would be receiving a Lifetime Fee Guarantee, when—in fact—no such guarantee appeared in the written membership contract. Prospective members relied on the oral representation of a Lifetime Fee Guarantee in prepaying a substantial sum of money when purchasing their membership. Such members were harmed when 24 Hour Fitness raised their Annual Renewal Fees.

126.    24 Hour Fitness also violated § 702.311(3) by willfully and falsely, fraudulently, and/or misleadingly representing to consumers that its prepaid memberships were lifetime memberships, when the written contract contained no lifetime provisions. Consumers reasonably relied on this representation by investing a substantial sum of money to purchase a prepaid membership from 24 Hour Fitness in the belief that they were receiving a locked-in lifetime rate. 24 Hour Fitness specifically trained its salespeople to tell consumers that they were receiving lifetime memberships, even though such memberships did not exist on paper. Because 24 Hour Fitness's conduct violated § 702.311(3), its prepaid memberships are void *ab initio*, so Plaintiff is entitled to have his membership fees returned. § 702.311(3).

127.    For 24 Hour Fitness's violation of the HSA, Plaintiff Morris requests actual damages, punitive damages, reasonable attorneys' fees and costs, and all proper equitable relief, including reformation to reflect a Lifetime Fee Guarantee and a permanent injunction requiring 24 Hour Fitness to retrain its sales staff to stop representing prepaid memberships

as lifetime memberships.

### TENTH CAUSE OF ACTION
**Texas Deceptive Trade Practices Act**
**Tex. Bus. & Com. Code §§ 17.50 *et seq.***
**(On Behalf of Plaintiff Morris and the Texas Subclass)**

128.    Plaintiff Morris incorporates by reference the foregoing allegations as if fully set forth herein.

*(a) Unconscionable act or course of conduct*

129.    By orally promising consumers a "lifetime membership" when none existed in writing with the intent to later claim that no such agreement existed, 24 Hour Fitness engaged in an "unconscionable action or course of action" in violation of Tex. Bus. & Com. Code § 17.50(a)(3).

130.    24 Hour Fitness took advantage of consumers' lack of legal knowledge and experience in a grossly unfair manner.

*(b) Enumerated violations*

131.    By misleading consumers as to the nature of the written contract and as to the existence in the writing of a "lifetime membership" with its attendant Lifetime Fee Guarantee, 24 Hour Fitness used a false, misleading, or deceptive practice. 24 Hour Fitness's conduct—when coupled with consumers' detrimental reliance on its oral representations and 24 Hour Fitness's violation of an enumerated provision of Tex. Bus. & Com. Code § 17.46(b)—constitutes a violation of the Texas DTPA.

132.    24 Hour Fitness's misleading oral representation that its written adhesion contracts contained "lifetime" guarantees violates the following enumerated provisions of the DTPA:

- § 17.46(b)(5): for representing that services have "characteristics" that they in fact do not have;

- § 17.46(b)(7): for representing that services are of a particular type when they are not;

- § 17.46(b)(11): for making false or misleading statements about the existence

of price reductions;

- § 17.46(b)(12): for representing that an agreement confers legal rights that it does not confer;

- § 17.46(b)(14): for misrepresenting the authority of a salesman to negotiate the final terms of a consumer contract;

- § 17.46(b)(24): for failing to disclose information concerning services—which was known at the time of the transaction—when such failure to disclose was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

- Tex. Occ. Code § 702.402(a)(2)(D): for making material misrepresentations to prospective members about the membership rights they would be receiving if they purchased a prepaid membership. A violation of Tex. Occ. Code § 702.402(a)(2)(D) is also a violation of the DTPA. Tex. Occ. Code § 702.403.

133. Also, 24 Hour Fitness's placing signs on its gyms stating "Lifetime Memberships" constituted advertising services with intent not to sell them as advertised, in violation of Tex. Bus. & Com. Code § 17.46(b)(9).

134. Plaintiff Morris is a consumer within the meaning of the DTPA and has suffered economic damages—in the form of overpayments and opportunity costs in failing to seek a better deal—as a direct result from 24 Hour Fitness's violations of the DTPA.

135. 24 Hour Fitness's conduct was a producing cause of Plaintiff Morris's damages.

136. Plaintiff Morris asks for economic damages equal to any money had and received by 24 Hour Fitness that constituted an overpayment of the Annual Renewal Fee above-and-beyond the orally promised lifetime cap. Plaintiff Morris additionally seeks treble damages as punitive damages under the DTPA. Awarding treble damages in this case is necessary to encourage private enforcement of Texas's consumer protection laws. Pursuant to § 17.50(d), Plaintiff Morris also requests attorneys' fees. Lastly, Plaintiff Morris requests

any other relief the Court deems proper, as permitted by the DTPA.

**ELEVENTH CAUSE OF ACTION**
**Fraud**
**(On Behalf of Plaintiff Morris and the Texas Subclass)**

137.     Plaintiff Morris incorporates the foregoing allegations as if fully set forth herein.

*(a) Fraudulent misrepresentation*

138.     A representation was made by 24 Hour Fitness that Plaintiff Morris was buying a "lifetime membership," with a Lifetime Fee Guarantee. This representation was material because Plaintiff Morris would not have purchased the membership or would have demanded to pay less for it if he knew that the contract did not reflect any lifetime guarantees.

139.     The representation was false: 24 Hour Fitness's written contract contained no "lifetime" guarantees.

140.     At the time the statement was made, 24 Hour Fitness knew it was false or acted with reckless disregard of its truth.

141.     24 Hour Fitness made the representation with the intent that it induce Plaintiff Morris to sign the written agreement and pay a substantial sum up-front in the belief he was receiving a "lifetime membership."

142.     Plaintiff Morris in fact relied on the representation of a "lifetime membership" by purchasing the membership and signing the written contract.

143.     Plaintiff Morris thereby suffered injury by overpaying Annual Renewal Fees beyond the capped-amount and by losing an opportunity to seek more advantageous membership options from other fitness-providers or from 24 Hour Fitness itself.

*(b) Fraud by nondisclosure*

144.     Alternatively, Plaintiff Morris pleads fraud by nondisclosure.

145.     24 Hour Fitness failed to disclose to Plaintiff Morris that the written adhesion contract did not contain the word "lifetime" anywhere in it and did not reflect any of the oral

representations of its salespeople of a "lifetime" membership.

146.    24 Hour Fitness did not disclose that the written contract did not contain a Lifetime Fee Guarantee.

147.    By making oral suggestions to the contrary, Defendant had a duty to inform Plaintiff Morris that the written contract did not contain these material provisions.

148.    These provisions were material because Plaintiff Morris would not have bought a membership with 24 Hour Fitness or would have sought a better deal if he had known that the written contract did not contain any "lifetime" guarantees.

149.    Defendant knew that Plaintiff Morris was ignorant of these facts, and Plaintiff Morris was not on equal footing with Defendant in terms of discovering these facts because Defendant drafted the adhesion contract.

150.    Defendant was deliberately silent in correcting Plaintiff Morris's belief that the written contract contained lifetime guarantees.

151.    By failing to disclose these facts, 24 Hour Fitness intended to induce Plaintiff Morris to sign the written contract and pay a substantial sum of money up-front in exchange for what Plaintiff *believed* was a "lifetime membership."

152.    Plaintiff Morris relied on Defendant's nondisclosure in signing the agreement and paying the up-front agreed sum.

153.    Plaintiff Morris was injured by acting without knowledge that the adhesion contract did not reflect a true lifetime membership because 24 Hour Fitness later used the terms of the written contract to raise the Annual Renewal Fees beyond the orally represented lifetime-cap.

154.    Plaintiff Morris asks for compensatory and punitive damages for Defendant's fraudulent conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request that the Court enter an order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as class counsel;

B.      Declaring that Plaintiffs are entitled to reformation of their written contracts to reflect a lifetime membership with its attended guarantees;

C.      Declaring that Defendant's conduct, as set out above, violates the CLRA, UCL, HSSCL, UTPA, DTPA, and HSA;

D.      Declaring that Defendant's conduct constitutes fraud;

E.      Awarding damages, including restitutionary, statutory, and punitive damages where applicable, to Plaintiffs and the Class in an amount to be determined at trial;

F.      Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

G.      Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable;

H.      Awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Class; and

I.      Awarding such other and further relief as the Court deems reasonable and just.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

**KEVIN O'SHEA**, **MARK VITCOV**, and **ROD MORRIS**, individually and on behalf of all others similarly situated

Dated:  April 2, 2016                By: /s/ Todd M. Logan
                                         One of Plaintiffs' Attorneys

Todd M. Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
329 Bryant Street, Suite 2C
San Francisco, California 94107
Tel: 415.212.9300

CLASS ACTION COMPLAINT                    29

Fax: 415.373.9435

*Attorney for Plaintiffs and the Putative Class*