Elizabeth L. Deeley (SBN 230798)
Christopher W. Keegan (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: edeeley@kirkland.com
Email: chris.keegan@kirkland.com

Attorneys for Defendant
*24 Hour Fitness USA, Inc.*

Eve-Lynn Rapp (admitted *pro hac vice*)
Stewart R. Pollock (SBN 301356)
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435
Email: erapp@edelson.com
Email: spollock@edelson.com

Rosemary M. Rivas (SBN 209147)
Quentin A. Roberts (SBN 306687)
FINKELSTEIN THOMPSON LLP
One California Street, Suite 900
San Francisco, CA 94111
Tel: 415.398.8700
Fax: 415.398.8704
Email: rrivas@finkelsteinthompson.com
Email: qroberts@finkelsteinthompson.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re 24 Hour Fitness Prepaid Memberships Litigation* | CASE NO. 4:16-cv-01668<br><br>CONSOLIDATED CASES:<br>     No. 3:16-cv-01668-JSW<br>     No. 3:16-cv-02359-JSW<br><br>ORDER ADOPTING **JOINT DISCOVERY PLAN** AND PROPOSED SCHEDULE AS MODIFIED |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16–9, the Standing Order for all Judges of the Northern District of California, and this Court's Order dated September 26, 2016 (ECF No. 53), Plaintiffs Kevin O'Shea, Mark Vitcov, Rod Morris, Russell Marchewka and Michael Losquadro (collectively, "Plaintiffs"), and Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness," and together, the "Parties"), hereby jointly submit the following Joint Discovery Plan.

## I.  CURRENT STATUS OF DISCOVERY

**Informal Discovery**. The Parties have already started discovery efforts and have made progress in identifying and producing relevant materials for early evaluation of the case. The Parties met on October 5, 2016 for an informal, in person meeting to discuss ways to potentially narrow the scope of the dispute. In advance of the meeting, the Parties exchanged informal requests for documents and information on several categories. 24 Hour Fitness produced (a) membership agreements entered into between 24 Hour Fitness and Plaintiffs, (b) New Member Orientation Checklists, (c) sales training materials, (d) communications relating to the decision to increase annual renewal amounts, and (e) exemplar marketing materials. Plaintiffs produced (a) gym member complaints, (b) statements from former 24 Hour Fitness employees, (c) statements made by 24 Hour Fitness in the Sacramento Bee and on Facebook and Reddit, (d) Plaintiffs' and proposed class members' membership agreements, and (e) statements evidencing certain class members' experiences obtaining gym memberships.

**Initial Disclosures**. The Parties served their respective Rule 26 Initial Disclosures on October 7, 2016.

**Formal Discovery.** In addition to the informal discovery described above, the Parties each served requests for production of documents and interrogatories. Plaintiffs served 25 requests for production and 20 interrogatories. 24 Hour Fitness served 34 requests for production and 10 interrogatories. The Parties currently have agreed to respond to those requests by December 2, 2016 if further informal discussions are not productive or do not occur, but have agreed to revisit this if informal discussions and potential efforts to resolve or narrow the dispute continue.

**Protective Order**. The Parties anticipate finalizing a stipulated protective order before exchanging documents and information responsive to the formal discovery requests.

## II. PROPOSED DISCOVERY PLAN GOING FORWARD

The Parties agree that discovery in these cases should consist of two time stages. The first "Initial Discovery Period" will take place prior to class certification briefing and will focus primarily on matters related to Plaintiffs' anticipated motion for class certification and any expert disclosures. The "Second Discovery Period" will take place after any ruling on class certification from the Court.

The Parties note that by proposing two discovery stages, they are not proposing a hard and fast line of bifurcation between class and merits discovery. Rather, they only intend to focus discovery in the Initial Discovery Period on the evidence Plaintiffs need to support their motion for class certification, and that 24 Hour Fitness needs to support its opposition thereto, and the Second Discovery Period will focus on discovery necessary for any remaining proceedings. In proposing two non-exclusive stages of discovery, the Parties seek to avoid discovery disputes regarding whether certain discovery is proper during a specific stage while simultaneously acknowledging the value of focusing discovery first on class certification and later on preparation for any remaining proceedings.

### A. Initial Discovery Period through Class Certification Determination

**Written Discovery**. The Parties agree that the Initial Discovery Period will focus primarily on the following categories of information: (1) information pertaining to Plaintiffs, including communications between Plaintiffs and 24 Hour Fitness, and Plaintiffs' membership records, (2) complaints by 24 Hour Fitness members regarding the increased annual renewal amounts, (3) form prepaid renewal membership agreements with annual renewal options like those of the named plaintiffs that were subject to annual renewal amount increases (hereinafter "Prepaid Agreements"), (4) 24 Hour Fitness' training materials and videos regarding Prepaid Agreements, the Health Studio Services Contract Law, and the manner in which the annual renewal amounts are disclosed, if at all, (5) 24 Hour Fitness' marketing materials regarding Prepaid Agreements and annual renewal amounts, (6) whether Plaintiffs would or could have obtained a less expensive membership had Plaintiffs known their initial annual renewal amount was subject to change, (7) the extent of Plaintiffs' knowledge concerning the terms and conditions of their membership agreements, including the initial annual renewal amount, (8) whether Plaintiffs suffered damages, (9) Plaintiffs'

1  adequacy as class representatives, (10) whether Plaintiffs' claims are common and typical of those of
2  putative absent class members, (11) whether individual questions of law or fact predominate over
3  issues common to class members, (12)  applicable law to the class and subclasses, and (13) whether
4  class action treatment will provide substantial benefits to litigants and the Court, and is superior to
5  other methods of adjudicating this dispute. The Parties reserve their rights to object to discovery,
6  among other reasons, on the ground that specific discovery sought during the Initial Discovery
7  Period is more appropriate for the Second Discovery Period.

8  **Depositions.**  The Parties believe that depositions in the Initial Discovery Period will likely
9  begin with Plaintiffs and 30(b)(6) corporate representative(s) from 24 Hour Fitness, as well as 24
10 Hour Fitness's Membership Counselors. To the extent that a Party chooses to depose a witness
11 before the opposing Party has had a reasonable opportunity to substantially complete its responses to
12 relevant written discovery requests, the Party cannot re-depose that witness on the ground that
13 additional documents were produced following the deposition unless there is good cause to do so.

14 **Third Party Discovery**.  The Parties believe that there may be the need for third party
15 discovery in the Initial Discovery Period, such as discovery of former 24 Hour Fitness employees.

16 **Expert Discovery**.  The Parties anticipate that expert discovery may be appropriate in the
17 Initial Discovery Period, including, *inter alia*, expert discovery on industry standards relating to
18 membership agreements, and the extent of Plaintiffs' and putative class members' damages, if any.

19 **B.     Second Discovery Period through End of Discovery**

20 **Written Discovery**.  The Parties will proceed with discovery on any remaining merits issues
21 not previously covered during the Initial Discovery Period. 24 Hour Fitness intends to seek
22 discovery on the following topics, including but not limited to putative class members' membership
23 agreements and records, communications between 24 Hour Fitness and individual putative class
24 members, individual putative class members' reliance upon and understanding of alleged
25 representations made by 24 Hour Fitness employees, individual putative class members' reliance
26 upon and understanding of alleged advertisements, the ability for individual putative class members
27 to enroll in less expensive memberships had they decided not to enroll in their prepaid membership
28 agreements, and whether putative class members suffered damages, will be completed as appropriate

1  after the class certification ruling.  Thus, this Second Discovery Period will include discovery from
2  individual putative class members as well as third-party discovery from former 24 Hour Fitness
3  employees. Plaintiffs agree that some of these topics may be addressed during the Second Discovery
4  Period but contend that absent class member discovery is improper and, as such, Plaintiffs reserve
5  their right to object to or otherwise challenge such discovery.

6  **Depositions**.  24 Hour Fitness anticipates the need to depose class members in the event a
7  class is certified, and Plaintiffs will determine their position on such depositions on a case-by-case
8  basis.  Because the extent of needed discovery following class certification is difficult to ascertain at
9  this time, the Parties do not wish to set a limit on the number of depositions during the Second
10 Discovery Period at this time, but will revisit this issue, if necessary, following the Court's decision
11 on class certification.

12 **Third Party Discovery**.  As with the Initial Discovery Period, the parties believe there may
13 be some limited third party discovery, such as discovery from former employees of 24 Hour Fitness.

14 **Expert Discovery.**   The Parties anticipate expert discovery, including but not limited to
15 discovery of the extent of damages Plaintiffs and putative class members suffered, and the market
16 for gym memberships at the time Plaintiffs and putative class members purchased their prepaid
17 membership agreements, maybe necessary after the class certification ruling and have set forth the
18 discovery periods below.

19 **III.    PROPOSED SCHEDULE**

20    The following schedule incorporates the Joint Discovery Plan as well as additional case
21 deadlines through the next Case Management Conference, one month after the final briefing on class
22 certification is complete. The Parties believe it is premature at this time to identify all relevant dates
23 for the Second Discovery Period, summary judgment and trial, but will be prepared to do so in the
24 next Case Management Conference Statement, due one week prior to the requested Case
25 Management Conference.

26
27
28

| EVENT | JOINT PROPOSED DEADLINE |
|---|---|
| Deadline for 24 Hour Fitness to Respond to Consolidated Complaint | 12/2/2016, subject to re-visitation by the Parties in the event informal discussions continue |
| Deadline for completion of private mediation | 1/31/2017 |
| Deadline to file motions to join parties or amend pleadings | 2/3/2017 |
| Deadline for Plaintiffs to serve expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification | 5/16/2017 |
| Initial Discovery Period fact discovery concludes | 6/30/2017 |
| Deadline for 24 Hour Fitness to serve disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification | 7/14/2017 |
| Initial Discovery Period expert discovery concludes | 8/15/2017 |
| Deadline for Plaintiffs to file motion for class certification | 9/4/2017 |
| Deadline for 24 Hour Fitness to file opposition to class certification and all supporting materials | 10/16/2017 |
| Deadline for Plaintiffs to file reply in support of motion for class certification | 11/20/2017 |
| Hearing on Plaintiffs' motion for class certification | 12/8/2017, 9:00 a.m. |
| Joint Case Management Statement | 12/29/2017 |
| Case Management Conference | 1/5/2018 , 11:00 a.m. |
| Close of Second Discovery Period | TBD |
| Deadline to file dispositive pretrial motions | Forty five (45) days following the close of the Second Discovery Period |

| EVENT | JOINT PROPOSED DEADLINE |
|---|---|
| Deadline to file oppositions to dispositive pretrial motions | Forty five (45) days following filing of dispositive pretrial motion |
| Deadline to file reply briefs in support of dispositive pretrial motions | Thirty (30) days following filing of opposition to dispositive pretrial motion |
| Pretrial conference | TBD |
| Motion in limine hearing date | TBD |
| Trial to begin | TBD |

DATED:  October 31, 2016         */s/ Elizabeth L. Deeley*
                                               Elizabeth L. Deeley
                                               Christopher W. Keegan
                                               KIRKLAND & ELLIS LLP
                                               555 California Street, 27th Floor
                                               San Francisco, CA  94104
                                               Telephone: (415) 439-1400
                                               Facsimile: (415) 439-1500
                                               Email: edeeley@kirkland.com

DATED: October 31, 2016         */s/ Eve-Lynn J. Rapp*         *(with Permission*
                                               Eve-Lynn J. Rapp
                                               Stewart R. Pollock
                                               EDELSON PC
                                               123 Townsend Street, Suite 100
                                               San Francisco, CA 94107
                                               Telephone: (415) 212-9300
                                               Facsimile: (415) 373-9435
                                               Email: erapp@edelson.com
                                               Email: spollock@edelson.com

| | |
|---|---|
| DATED: October 31, 2016 | */s/ Rosemary M. Rivas     (with Permission)*<br>Rosemary M. Rivas<br>Finkelstein Thompson LLP<br>One California Street, Suite 900<br>San Francisco, CA 94111<br>Telephone: (415) 398-8700<br>Facsimile: (415) 398-8704<br>Email: rrivas@finkelsteinthompson.com |

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

In addition, the parties are reminded that any request for relief, including any stipulated request, must be accompanied by a proposed order.  See N.D. Cal. Civil L.R. 7-2(c), 7-12; Civil Standing Order No. 10 of the Honorable Jeffrey S. White.

Dated:  November 2, 2016

_____
JEFFREY S. WHITE
United States District Judge