Eve-Lynn J. Rapp (admitted *pro hac vice*)
erapp@edelson.com
Stewart R. Pollock (SBN – 301356)
spollock@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Rosemary M. Rivas (SBN – 209147)
rrivas@finkelsteinthompson.com
Quentin A. Roberts (SBN – 306687)
qroberts@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
One California Street, Suite 900
San Francisco, CA 94111
Tel: 415.398.8700
Fax: 415.398.8704

*Attorneys for Plaintiffs and the Putative Class*

*Additional counsel listed on signature page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE 24 HOUR FITNESS PREPAID MEMBERSHIPS LITIGATION | Case No.: 4:16-cv-01668-JSW<br><br>**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Kevin O'Shea, Mark Vitcov, Rod Morris, Michael Losquadro, and Russell Marchewka bring this class action against Defendant 24 Hour Fitness USA, Inc. for fraudulently inducing consumers into purchasing one to three year memberships paid in advance that were represented as "lifetime memberships" to its gyms. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

# NATURE OF THE ACTION

1.      Defendant 24 Hour Fitness owns and operates the largest fitness center chain in the United States.

2.      For the last twenty years, 24 Hour Fitness's sales representatives have used a uniform set of marketing tactics and aggressive sales pitches to induce consumers into purchasing "lifetime memberships" to its gyms, where they prepaid one to three years' worth of membership fees and, in exchange, only had to pay nominal annual renewal fees each year thereafter (the "Annual Renewal Fee"). Under these purported "lifetime memberships," the Annual Renewal Fees were supposed to remain constant for the remainder of the member's life as long as he or she wished to remain a member (the "Lifetime Fee Guarantee"). Without the promise of fixed annual renewal fees, consumers otherwise had no incentive to pay for one to three years of membership in advance.

3.      Unfortunately, now under new ownership, 24 Hour Fitness decided to stop honoring the Lifetime Fee Guarantees it had promised lifetime members and began alerting them—some of whom had paid the same Annual Renewal Fee for more than two decades— that their Annual Renewal Fees would increase at some point between 2015 and 2016 (in most cases, to either double or triple their previous rates).

4.      Not surprisingly, thousands of outraged members across the United States posted complaints on the Internet describing how they were promised lifetime memberships by 24 Hour Fitness's sales representatives, but that 24 Hour Fitness was going to start raising their Annual Renewal Fees.[1] 24 Hour Fitness responded by pointing to certain fine print located on the second page of standardized membership agreements and argued that it is allowed to increase Annual Renewal Rates as much as it wishes—regardless of the uniform

---

[1]      In fact, there is a petition on Change.org with over 2,300 24 Hour Fitness lifetime members complaining about these practices. *See* Change.org, *24 Hour Fitness Unfairly Raising Fees for Guaranteed Lifetime Annual Memberships* (accessed Mar. 25, 2016), https://www.change.org/p/elizabeth-blair-ceo-24-hour-fitness-24-hour-fitness-unfairly-raising-fees-for-guaranteed-lifetime-annual-memberships.

1  promises that it trained its sales representatives to make to induce consumers into purchasing

2  the lifetime memberships.

3        5.       In the end, 24 Hour Fitness's conduct is a textbook example of a widespread

4  bait and switch scheme: it promised thousands of consumers a lifetime membership with a

5  Lifetime Fee Guarantee to get them to pay membership fees years in advance and then later,

6  after they signed up and committed to keeping their lifetime membership, started increasing

7  their fees.

8        6.       By and through these practices, and as explained in detail below, 24 Hour

9  Fitness has made millions of dollars by deceiving thousands of hapless consumers—all in

10  violation of the law.

11                                **PARTIES**

12        7.       Plaintiff Kevin O'Shea is a natural person and citizen of the State of

13  California.

14        8.       Plaintiff Mark Vitcov is a natural person and citizen of the State of Oregon.

15        9.       Plaintiff Rod Morris is a natural person and citizen of the State of Texas.

16        10.      Plaintiff Michael Losquadro is a natural person and citizen of the State of

17  California.

18        11.      Plaintiff Russell Marchewka is a natural person and citizen of the State of

19  Washington.

20        12.      Defendant 24 Hour Fitness USA, Inc. is a corporation existing under the laws

21  of the State of California with its principal place of business located at 12647 Alcosta

22  Boulevard, Suite 500, San Ramon, California 94583. 24 Hour Fitness conducts business

23  throughout this District, the State of California, and the United States. Defendant also

24  maintains its headquarters in San Ramon, California, made the decision from that location to

25  promote the lifetime memberships described herein, and executed its training and

26  promotional materials from California. Defendant's member services department is likewise

27  located in California from which it handles member inquiries.

28

1

## JURISDICTION AND VENUE

2     13.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2),

3     because (i) at least one member of the Class is a citizen of a different state than the

4     Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and

5     costs, and (iii) none of the exceptions under that subsection apply to this action.

6     14.     This Court has personal jurisdiction over Defendant because it is a California

7     corporation, its principal place of business is located in California, designed its advertising

8     materials in California, and the events giving rise to this lawsuit occurred, in substantial part,

9     in California.

10    15.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a

11    substantial part of the events giving rise to Plaintiffs' claims occurred in, were directed to,

12    and/or emanated from this District. Venue is additionally proper because Defendant is

13    registered to, and regularly does, conduct business in this District, including by entering into

14    consumer transactions in this District.

15

## INTRADISTRICT ASSIGNMENT

16    16.     Pursuant to Civil Local Rule 3-2(d), this case should be assigned to the San

17    Francisco Division.

18

## FACTUAL BACKGROUND

19    **I.     An Overview of 24 Hour Fitness.**

20    17.     24 Hour Fitness operates the largest chain of fitness centers in the United

21    States, with gyms in over 420 cities (including 139 locations in California alone).

22    18.     In order to use its facilities, consumers must first purchase a "gym

23    membership that fits [their] schedule and [their] health and fitness goals,"[2] which they can do

24    by walking into a 24 Hour Fitness location and speaking with a sales representative (known

25    as a "Membership Counselor").

26    ---
[2]     Club Membership, 24 HOUR FITNESS, http://www.24hourfitness.com/membership/

27    (last visited Apr. 1, 2016).

28

19.     Unfortunately, while there are a number of membership options that consumers can choose from, 24 Hour Fitness trains its Membership Counselors to use deception and high-pressure sales tactics to sell—what it claims are—lifetime memberships to its gyms.

**II.     24 Hour Fitness's Membership Counselors Use Scripted Routines and Uniform Sales Pitches to Induce Consumers into Purchasing Supposed Lifetime Memberships.**

20.     When 24 Hour Fitness was founded over 20 years ago, it started offering lifetime memberships because it (i) needed to raise capital in order to expand and wanted to use the prepaid membership dues required to be lifetime members to build new gyms, and (ii) sought to differentiate itself from other gyms during a time-period when there was a lot of competition in the fitness industry and fitness clubs were constantly going out of business.

21.     Consumers could purchase these lifetime memberships by prepaying one to three years' worth of membership fees. One of the main advertised benefits of these memberships was that after the prepaid period expired, members would only have to pay what was represented as a fixed annual renewal fee each year thereafter, (the "Lifetime Fee Guarantee").  Membership Counselors showed prospective members uniform advertising materials prepared by 24 Hour Fitness in California that expressly promised the fixed, annual renewal rate after the prepaid period expired.  Membership Counselors repeated the promise of a fixed annual renewal rate verbally to prospective members in addition to using the company's written materials. None of the advertising materials that Membership Counselors shared with members promoting a fixed annual renewal disclosed that 24 Hour Fitness reserved the right to raise the annual renewal rate by more than 100%.

22.     In order to sell these lifetime memberships, 24 Hour Fitness designed scripted routines and aggressive sales pitches that it trained its Membership Counselors to use to convince consumers into purchasing them.[3]

---

[3]     *See* Consumer Complaints and Reviews for 24 Hour Fitness, CONSUMER AFFAIRS, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=6 (last visited Apr. 1, 2016) ("I used to work in sales at 24 Hour Fitness . . . and we were trained to tell

     A.    *24 Hour Fitness Sold Lifetime Memberships to Consumers Even Though Its Standard Membership Contracts Didn't Contain Any Guarantees.*

23.    After April 2006,[4] the standardized form membership agreements that 24 Hour Fitness required lifetime members to sign did not actually guarantee that the nominal annual renewal fees would be fixed. Instead, in fine print located on the second page of these standard form membership agreements, 24 Hour Fitness actually said the opposite: that is, that 24 Hour Fitness could increase all subsequent annual renewal amounts on prepaid memberships.

24.    Nonetheless, when consumers visited 24 Hour Fitness to purchase memberships, 24 Hour Fitness displayed marketing materials around its facilities encouraging prospective members to ask about its lifetime memberships.[5] These marketing materials expressly promised that the benefits of these memberships included a fixed annual renewal rate.

25.    24 Hour Fitness's Membership Counselors were then trained to push these supposed lifetime memberships and hurry prospective members through the contract so they would not discover what the contract actually said. Former 24 Hour Fitness managers even admit that their Membership Counselors were trained to promise "lifetime memberships" to potential lifetime members even though the written contracts did not reflect such a promise,[6] and, likewise, Membership Counselors even admit being trained to tell potential lifetime

people this is the price they would pay for the rest of their lives . . . .").

[4]    Prior to 2006, 24 Hour Fitness's membership contracts actually stated it would not increase lifetime members' Guaranteed Annual Renewal Amounts as long as they remained in good standing.

[5]    BBB Business Review, *24Hour Fitness USA Inc*, http://www.bbb.org/sdoc/business-reviews/health-clubs/24hour-fitness-usa-inc-in-carlsbad-ca-9000777/complaints (last visited Mar. 6, 2016).

[6]    Change.org, *24 Hour Fitness Unfairly Raising Fees for Guaranteed Lifetime Annual Memberships*, https://www.change.org/p/elizabeth-blair-ceo-24-hour-fitness-24-hour-fitness-unfairly-raising-fees-for-guaranteed-lifetime-annual-memberships/c (last visited Mar. 6, 2016).

members that they would receive "lifetime memberships."[7]

26.     Every sales pitch used by 24 Hour Fitness's Membership Counselors was virtually the same:

- First, after convincing consumers to purchase a lifetime membership, 24 Hour Fitness's Membership Counselors were instructed to tell potential members that they did not need to read the fine print on the written membership contracts because they were for "lifetime memberships"—as was verbally represented;[8]

- Then, 24 Hour Fitness's Membership Counselors would tell the potential customer what a "great deal" they could get by purchasing a lifetime membership, at the same time they were being asked to sign the written agreement that contained no such guarantee.[9]

27.     If a consumer was hesitant or insisted on reading the membership contracts before signing them, 24 Hour Fitness's Membership Counselors were trained to get even more aggressive and insist that the potential member needed to sign immediately or risk

---

[7]     Consumers Affairs, *24 Hour Fitness*, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=5 (last visited Mar. 8, 2016).

[8]     *See, e.g.*, Reddit, *24 Hour Fitness Increasing "Lifetime" membership rate - is this legal? (California)*, https://www.reddit.com/r/legaladvice/comments/3ayunb/24_hour_fitness_increasing _lifetime_membership/ (last visited Mar. 6, 2016) (emphasis added) ("I have bought 3 different "lifetime" memberships [from 24 Hour Fitness]. I was told verbally that the rate was "for life" when purchasing each membership. This is why I bought them and paid a large "up front" amount of money. . . . My husband just got his notice and his rate has been increased from $29 to $79. . . . The sales rep at the 24 Hour Concord, CA did deceive me. I recall being told that the contracts are "all the same" and *no need to spend the time to read all the fine print.*").

[9]     *See, e.g.*, Consumer Affairs, *24 Hour Fitness*, https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=8 (accessed Mar. 10, 2016) ("24 Hour Fitness had a promotion back in 2006 of [$]700.00 upfront . . . and after the third year a charge of 29.00 a year for life was going to apply. A sales associate gave me the contract to sign after he explained this "great deal" and I signed and I paid the 700 hundred dollars there. After the third year I began to pay 29.00 every year. I continued for all this time without a problem until now that I received the annual bill charging me 104.00!!!").

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

losing a "great deal."[10]

   B. *Thousands of "Lifetime Members" are Outraged After 24 Hour Fitness Decides to No Longer Honor Its Lifetime Guarantees.*

  28. Unfortunately, now under new ownership, 24 Hour Fitness decided to stop honoring the Lifetime Fee Guarantees it had promised and began alerting its lifetime members—some of whom had paid the same Annual Renewal Fee for more than two decades—that their Annual Renewal Fees would increase at some point between 2015 and 2016 (in most cases, to either double or triple their previous rates).

  29. Not surprisingly, thousands of consumers immediately began posting complaints on the Internet, including the following examples:

- I have this same contract. When it began, it was verbally expressed to me that my rate could stay fixed at $29 for life. All that was required was to pay it when it was due and not cancel my membership and it would be guaranteed to stay at that price for life. That is clearly not the case if I am now being told that my rate is going up.[11]

- Clear bait and switch…. Sales guy lied that $30/month life time membership due will never increase and had me sign on a contract that clearly says in 3(c) that dues can be increased at any time. BAD FAITH. willfully mis-lead me into signing a contract based on mis-information.

---

[10] *See, e.g.*, BBB Business Review, *24Hour Fitness USA Inc.*, http://www.bbb.org/sdoc/business-reviews/health-clubs/24hour-fitness-usa-inc-in-carlsbad-ca-9000777/complaints (accessed Mar. 10, 2016) ("I was conned by a 24 Hour Fitness salesperson. I was told that for a prepaid membership of $700 there were no monthly fees for three years and then it would only be $29 per year thereafter. I specifically asked if that annual fee was subject to change, and I was told, "No, after three years, just $29 a year for as long as you stay a member." This was a lie. My annual renewal fee for the upcoming year was increased 272% to $79. *He also told me that the promotional offer was expiring that day so I had to act that day or miss the offer.* This was a lie. . . . It is a brilliant con i[n] that they cheated many people out of a relatively small amount of money with false claims that required years to discover, so that no one will have recourse . . . *BTW, the contract was two legal-sized pages of multiple columns of fine print. I told the salesperson I didn't have my reading glasses with me. That's when he told me the offer ended that day.* And that is why I specifically asked if the dues would ever be raised beyond the $29 per year, and was told "no." . . . I am a senior living on a limited fixed income, and I would not have agreed to a financial stipulation that contained unlimited fee increases with no cap.").

[11] Change.org, *24 Hour Fitness Unfairly Raising Fees for Guaranteed Lifetime Annual Memberships*, https://www.change.org/p/elizabeth-blair-ceo-24-hour-fitness-24-hour-fitness-unfairly-raising-fees-for-guaranteed-lifetime-annual-memberships/c (last visited Mar. 6, 2016).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

This happened across the nation over and over.[12]

- I was told when I paid for three years that after the three years were up, the payment would be "49 for the rest of my life".[13]

- False advertising and selling practice. The sales person specifically told me that the $29 would be for life – he said "we do this because you'll be a customer for life." This is corporate greed and false advertising.[14]

- I was also told my rate was locked in "for life". My rate increased from 29.99 annually to 79.99[.] They're training their staff to lie to potential members. This is fraud![15]

- I was verbally promised no increase in rates after paying a significant amount up front and now they are talking about raising the rates. As it turns out the verbal contract and the written contract were not the same. This was a bait and switch and is disgusting behavior by 24 HR Fitness.[16]

- I was told face to face that my rate would be 100 [p]er year as long as I stayed current at the end of my three year contract. Blatantly lied to by in gym personnel.[17]

- On June 4, 2007 a 24 Hour[] Fitness [salesperson] sold me a 3 year plan for $750 with the promise of $29 a year after that.  I bought into the plan on the value of the indefinite $29-a-[year] payments [the salesperson] promised . . . only to be surprised [in 2015] by a $79/year increase . . . an almost 300% increase . . . I call[ed] 24 Hour Fitness Customer Service and was told there was a "clause 3c" that allowed 24 Hour Fitness to raise rates . . . This came as a surprise to me because [the salesperson] had not brought this up during her pitch which now comes across as having been misleading at best and deceptive at worst.  Price was a major selling point of the [prepaid] plan and for [the salesperson] to sell the $29/year aspect without mentioning the said "clause 3c" **hidden in mounds of small print** at the back of the 5th page of the documentation she gave, smacks of shady practice that I would never have associated with an international corporate brand like 24 Hour Fitness. $750 is a lot of money [to me] and plunking it down for [a] gym membership in one sitting is something I would never have done had I not believed 24 [Hour] Fitness could be trusted . . . .[18]

---

[12]    *Id.*

[13]    *Id.*

[14]    *Id.*

[15]    *Id.*

[16]    *Id.*

[17]    *Id.*

[18]    BBB Business Review, *24 Hour Fitness*, http://www.bbb.org/sdoc/business-reviews/health-clubs/24hour-fitness-usa-inc-in-carlsbad-ca-9000777/complaints (last visited Mar. 10, 2016). (Emphasis added.)

1
2
3
4
5
6
7

- Purchased [a] 3 year Prepa[id] [Plan] for $800 around June 19, 2006. (Reason I remember, it was a Birthday Gift . . . I paid half, mother paid half.) Was verbally promised a 3-year membership with a $29.00 annual renewal membership . . . This price hike irritates, frustrates, and infuriates me as a 9-year customer of 24 Hour Fitness. In my honest opinion, **Bamboozled, Bait and Switched, Hoodwinked** all describes what 24 Hour Fitness is pulling here. I'm not exactly sure how legal this is but just because it is legal does not make it right. For years I have been of the belief that 24 Hour Fitness has been constantly trying to weed out the loyal long term annual buyers. (Especially since the new acquisition/buy out) . . . .[19]

8    30.    In addition to illustrating the outrage expressed by an overwhelming portion

9  of 24 Hour Fitness's members, these complaints also confirm that "lifetime members" were

10  all subjected to the virtually identical sales pitches described in Section II.A above. A local

11  news station, CBS Sacramento, even did a story about 24 Hour Fitness raising the rates of its

12  "lifetime" members and recognized that "there is power in a pattern of people [all] telling the

13  same story."[20]

14    31.    To make matters worse, 24 Hour Fitness responded to member inquiries about

15  why their "lifetime" rates were going up by claiming that they never had lifetime

16  memberships in the first place and that 24 Hour Fitness is allowed to change the membership

17  rates at any time according to the standard form written membership contracts.[21] In certain

18  circumstances, 24 Hour Fitness even responded that it did not care what its Membership

19  Counselors had promised them.[22]

20  [19]    Consumer Affairs, *24 Hour Fitness*,
21  https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=12 (last visited Mar. 10, 2016).
22  [20]    Kurtis Ming, *Call Kurtis: 24 Hour Fitness Members Say Company Lied About Lifetime Pricing*, CBS SACRAMENTO, http://sacramento.cbslocal.com/2016/01/11/24-hour-
23  fitness-members-deal-out-more-cash-than-they-expected/ (last visited Mar. 11, 2016).
24  [21]    *See, e.g.*, Facebook, *Ries Michael* (Feb. 17, 2016),
    https://www.facebook.com/search/top/?q=ries%20michael%2024%20hour%20fitness (last
25  visited Apr. 1, 2016).
26  [22]    Consumer Affairs, *24 Hour Fitness*,
    https://www.consumeraffairs.com/health_clubs/24_hour_fitness.html?page=2 (last visited
27  Mar. 8, 2016).

28

32.     The common theme among all of the complaints described above—a theme reinforced by Plaintiffs' experiences in this case—is that 24 Hour Fitness designed its sales tactics to misrepresent that its lifetime memberships came with Lifetime Fee Guarantees specifically to lure consumers into purchasing lifetime memberships to its gyms.

**III.     Plaintiffs' Experiences.**

*A.     Plaintiff O'Shea's Experience.*

33.     On or around January 28, 2008, Plaintiff O'Shea entered into a membership agreement with 24 Hour Fitness that he thought was a "lifetime membership" contract that required him to pay up-front for three years of membership, followed by a fixed annual renewal rate of $49 for each year thereafter that he wished to remain a member. The 24 Hour Fitness Membership Counselor told Plaintiff O'Shea verbally that the Annual Renewal would be $49 for life, or as long as he wished to remain a member, or in other words similar to that effect. This message was conveyed by a 24 Hour Fitness Membership Counselor in the San Mateo, California location – Club Number 00503. The agreement between Plaintiff O'Shea and 24 Hour Fitness identified the Membership Counselor with an employee identification number; specifically, Employee I.D. Number 9852D. The benefit of the Annual Renewal Fee was important to Plaintiff O'Shea. He relied on the Membership Counselor's representation about the fixed Annual Renewal Fee and would not have prepaid such a substantial sum for a three-year membership if not for the representations that his rate would stay capped for life. The Annual Renewal Fee stayed at a locked-in rate of $49 until January 2016, when it was raised to $124, and therefore the oral representation that enticed Plaintiff O'Shea to buy the prepaid membership was false.

*B.     Plaintiff Vitcov's Experience.*

34.     On or around February 25, 2007, Plaintiff Vitcov entered into a membership agreement with 24 Hour Fitness that he thought was a "lifetime membership" contract that required him to pay up-front for three years of membership, followed by a fixed annual renewal rate of $69 for each year thereafter that he wished to remain a member. The 24 Hour

1  Fitness Membership Counselor told Plaintiff Vitcov verbally that the Annual Renewal would

2  be $69 for life, or as long as he wished to remain a member, or in other words similar to that

3  effect.  This message was conveyed by a 24 Hour Fitness Membership Counselor in the

4  Portland, Oregon location – Club Number 00562. Plaintiff Vitcov was also shown marketing

5  materials that advertised "Lifetime Memberships."  The agreement between Plaintiff Vitcov

6  and 24 Hour Fitness identified the Membership Counselor with an employee identification

7  number; specifically, Employee I.D. Number 7711D. The benefit of the Annual Renewal Fee

8  was important to Plaintiff Vitcov. He relied on the Membership Counselor's representation

9  about the fixed Annual Renewal Fee and would not have prepaid such a substantial sum for a

10  three-year membership if not for the representations that his rate would stay capped for life.

11  The Annual Renewal Fee stayed at a locked-in rate of $69 until 2016, when it was raised to

12  $124, and therefore the oral representation that enticed Plaintiff Vitcov to buy the prepaid

13  membership was false.

14         *C.*    *Plaintiff Morris's Experience.*

15         35.    On or around December 16, 2006, Plaintiff Morris entered into a membership

16  agreement with 24 Hour Fitness that he thought was a "lifetime membership" contract that

17  required him to pay up-front for three years of membership, followed by a fixed annual

18  renewal rate of $49 for each year thereafter that he wished to remain a member. The 24 Hour

19  Fitness Membership Counselor told Plaintiff Morris verbally that the Annual Renewal would

20  be $49 for life, or as long as he wished to remain a member, or in other words similar to that

21  effect.  This message was conveyed by a 24 Hour Fitness Membership Counselor in the

22  Mansfield, Texas location – Club Number 00691. Plaintiff Morris was also shown marketing

23  materials that advertised "Lifetime Memberships." The agreement between Plaintiff Morris

24  and 24 Hour Fitness identified the Membership Counselor with an employee identification

25  number; specifically, Employee I.D. Number 1523C. The benefit of the Annual Renewal Fee

26  was important to Plaintiff Morris. He relied on the Membership Counselor's representation

27  about the fixed Annual Renewal Fee and would not have prepaid such a substantial sum for a

28

three-year membership if not for the representations that his rate would stay capped for life. The Annual Renewal Fee stayed at a locked-in rate of $49 until January 2016, when it was raised to $161.29, and therefore the oral representation that enticed Plaintiff Morris to buy the prepaid membership was false.

D.   *Plaintiff Losquadro's Experience.*

36.   On or around October 4, 2006 and October 25, 2006, Plaintiff Losquadro entered into an agreement for two memberships with 24 Hour Fitness that he thought were "lifetime memberships" that required him to pay up-front for the full year, followed by a fixed annual renewal rate of a total of $168 each year thereafter that he and his husband wished to remain members. The 24 Hour Fitness Membership Counselor told Plaintiff Losquadro verbally that the Annual Renewal for the two memberships would be $168 for life, or as long as he and his husband wished to remain members, or used other words similar to that effect.  This message was conveyed by a 24 Hour Fitness Membership Counselor in the Long Beach, California location – Club Number 00186. Plaintiff Losquadro was also shown marketing materials that stated that the Annual Renewal Fee was $84 per membership. The agreements between Plaintiff Losquadro and 24 Hour Fitness identified the Membership Counselor with an employee identification number; specifically, Employee I.D. Number 24848. The benefit of the Annual Renewal Fee was important to Plaintiff Losquadro. He relied on the Membership Counselor's representation about the fixed Annual Renewal Fee and would not have prepaid such a substantial sum for the prepaid memberships if not for the representations that his rate would stay capped for life. The Annual Renewal Fee stayed at a locked-in rate of $168 until sometime in November 2015, when it was raised to $317.00, and therefore the oral representation that enticed Plaintiff Losquadro to buy the prepaid membership was false.

E.   *Plaintiff Marchewka's Experience.*

37.   On or around January 19, 2007, Plaintiff Marchewka entered into a membership agreement with 24 Hour Fitness that he thought was a "lifetime membership"

contract that required him to pay up-front for three years of membership, followed by a fixed annual renewal rate of $69 for each year thereafter that he wished to remain a member. The 24 Hour Fitness Membership Counselor told Plaintiff Marchewka verbally that the Annual Renewal would be $69 for life, or as long as he wished to remain a member, or in other words similar to that effect.  This message was conveyed by a 24 Hour Fitness Membership Counselor in the Costa Mesa, California location – Club Number 00121. Plaintiff Marchewka was also shown marketing materials that stated that the Annual Renewal Fee was $49.  The agreement between Plaintiff Marchewka and 24 Hour Fitness identified the Membership Counselor with an employee identification number; specifically, Employee I.D. Number 8844D. The benefit of the Annual Renewal Fee was important to Plaintiff Marchewka. He relied on the Membership Counselor's representation about the fixed Annual Renewal Fee and would not have prepaid such a substantial sum for a three-year membership if not for the representations that his rate would stay capped for life. The Annual Renewal Fee stayed at a locked-in rate of $69 until January 2016, when it was raised to $119.00, and therefore the oral representation that enticed Plaintiff Marchewka to buy the prepaid membership was false.

## CLASS ALLEGATIONS

38.    **Class Allegations**: Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of themselves and a nationwide class of similarly situated individuals, defined as follows:

> **Class**: All individuals in the United States who purchased a prepaid membership from 24 Hour Fitness and who maintained their membership with 24 Hour Fitness in or after April 2015.

In the alternative, Plaintiffs O'Shea and Losquadro bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of themselves and classes of similarly situated individuals, defined as follows:

> **California Class**: All Class members residing in the State of California who purchased a prepaid membership from 24 Hour Fitness and who maintained their membership with 24 Hour Fitness in or after April 2015.

1    In the alternative, Plaintiff Vitcov brings this action pursuant to Federal Rule of

2   Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of himself and a class of

3   similarly situated individuals, defined as follows:

4    **Oregon Class**: All Class members residing in the State of Oregon who
     purchased a prepaid membership from 24 Hour Fitness and who maintained
5    their membership with 24 Hour Fitness in or after April 2015.

6    In the alternative, Plaintiff Morris brings this action pursuant to Federal Rule of

7   Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of himself and a class of

8   similarly situated individuals, defined as follows:

9    **Texas Class**: All Class members residing in the State of Texas who purchased
     a prepaid membership from 24 Hour Fitness and who maintained their
10   membership with 24 Hour Fitness in or after April 2015.

11    In the alternative, Plaintiff Marchewka brings this action pursuant to Federal Rule

12   of Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of himself and a class of

13   similarly situated individuals, defined as follows:

14    **Washington Class**: All Class members residing in the State of Washington
     who purchased a prepaid membership from 24 Hour Fitness and who
15   maintained their membership with 24 Hour Fitness in or after April 2015.

16   The following people are excluded from the Class, California Class, Oregon Class, Texas

17   Class, and Washington Class (collectively the "Class," unless otherwise indicated): (1) any

18   Judge or Magistrate presiding over this action and members of their families; (2) Defendant,

19   Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the

20   Defendant or its parents have a controlling interest and its current or former employees,

21   officers and directors; (3) persons who properly execute and file a timely request

22   for exclusion from the Class; (4) persons whose claims in this matter have been finally

23   adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's

24   counsel; and (6) the legal representatives, successors, and assigns of any such excluded

25   persons.

26    39.   **Numerosity (Fed. R. Civ. P. 23(a)(1))**: The exact number of Class members is

27   unknown and not available to Plaintiffs at this time, but individual joinder in this case is

28

impracticable. The Class likely consists of thousands of individuals. Members of the Class

can be easily identified through Defendant's records.

40.     **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2); 23(b)(3))**: There

are many questions of law and fact common to the claims of Plaintiffs and the other members

of the Class, and those questions predominate over any questions that may affect individual

members of the Class. Common questions for the Class include:

a)     whether 24 Hour Fitness designed and trained its Membership
Counselors to use scripted routines and aggressive sales pitches to
induce consumers into purchasing lifetime memberships;

b)     whether 24 Hour Fitness used scripted routines and aggressive sales
pitches to induce consumers into purchasing lifetime memberships;

c)     whether 24 Hour Fitness had a uniform policy and/or practice of
representing in writing fixed Annual Renewal Fees to purchasers of
prepaid memberships;

d)     whether 24 Hour Fitness Membership Counselors made uniform
verbal representations regarding fixed Annual Renewal Fees to
purchasers of prepaid memberships;

e)     whether 24 Hour Fitness Membership Counselors failed to verbally
disclose that 24 Hour Fitness retained the right to raise the Annual
Renewal Fees;

f)     whether 24 Hour Fitness's conduct constitutes fraud;

g)     whether 24 Hour Fitness's conduct violated Cal. Civ. Code §§ 1750, *et
seq.*;

h)     whether 24 Hour Fitness's conduct violated Cal. Bus. & Prof. Code §§
17200, *et seq.*;

i)     whether 24 Hour Fitness's conduct violated Cal. Civ. Code §§ 1812.80
*et seq.*;

j)   whether 24 Hour Fitness's conduct violated Cal. Bus. & Prof. Code §§ 17500, *et seq.*;

k)   whether 24 Hour Fitness's conduct violated Or. Rev. Stat. §§ 646.638, *et seq.*;

l)   whether 24 Hour Fitness's conduct violated Tex. Bus. & Com. Code §§ 17.50, *et seq.*;

m)   whether 24 Hour Fitness's conduct violated Tex. Occ. Code § 702.003(4);

n)   whether 24 Hour Fitness's conduct violated the Washington Consumer Protection Act, RCW 19.86, *et seq.*;

o)   whether 24 Hour Fitness's conduct constitutes breach of contract;

p)   whether Plaintiffs are entitled to contract reformation;

q)   whether Plaintiffs and Class members are entitled to restitution and/or damages, and if so, the proper measure of restitution and/or damages; and

r)   whether Plaintiffs and Class members are entitled to equitable and/or injunctive relief.

41.   **Typicality (Fed. R. Civ. P. 23(a)(3))**: Plaintiffs' claims are typical of the claims of the other Class members. Plaintiffs and the Class members sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiffs and the Class.

42.   **Adequate Representation (Fed. R. Civ. P. 23(a)(4))**: Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class, and they have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither

1  Plaintiffs nor their counsel have any interest adverse to those of the other members of the

2  Class.

3     43.     **Policies Generally Applicable to the Class**: This class action is appropriate

4  for certification because Defendant has acted or refused to act on grounds generally

5  applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure

6  compatible standards of conduct toward the members of the Class and making final

7  injunctive relief appropriate with respect to the Class as a whole. Defendant's policies

8  challenged herein apply and affect the members of the Class uniformly and Plaintiffs'

9  challenge of these policies hinges on Defendant's conduct with respect to the whole of the

10  Class, not on facts or law applicable only to Plaintiffs.

11     44.     **Superiority (Fed. R. Civ. P. 23(b)(3))**: This class action is also appropriate for

12  certification because class proceedings are superior to all other available methods for the fair

13  and efficient adjudication of this controversy and joinder of all members of the Class is

14  impracticable. The damages suffered by the individual Class members will likely be small

15  relative to the burden and expense of individual prosecution of the complex litigation

16  necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the

17  individual Class members to obtain effective relief from Defendant's misconduct. Even if

18  members of the Class could sustain such individual litigation, it would not be preferable to a

19  class action because individual litigation would increase the delay and expense to all parties

20  due to the complex legal and factual controversies presented in this Complaint. By contrast, a

21  class action presents far fewer management difficulties and provides the benefits of single

22  adjudication, economy of scale, and comprehensive supervision by a single court. Economies

23  of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

24     45.     **Risk of Inconsistent or Dispositive Adjudications and the**

25  **Appropriateness of Final Injunctive or Declaratory Relief (Fed. R. Civ. P 23(b)(1) and**

26  **(2))**: In the alternative, this action may properly be maintained as a class action, because:

27       (a) the prosecution of separate actions by individual Class members would create a

28

risk of inconsistent or varying adjudication with respect to individual Class members,
which would establish incompatible standards of conduct for Defendant; or

(b) the prosecution of separate actions by individual Class members would create a
risk of adjudications with respect to individual members of the Class which would, as
a practical matter, be dispositive of the interests of other Class members not parties to
the adjudications, or substantially impair or impede their ability to protect their
interests; or (c) Defendant has acted or refused to act on grounds generally applicable
to the Class, thereby making appropriate final injunctive or corresponding declaratory
relief with respect to the Class as a whole.

46.     **Issue Certification (Fed. R. Civ. P 23(c)(4))**:  In the alternative, the common
questions of fact and law, set forth above, are appropriate for issue certification on behalf of
the Class.

**FIRST CAUSE OF ACTION**
**Reformation**
**(On Behalf of all Plaintiffs and the Class)**

47.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

48.     As grounds for reformation, Plaintiffs plead in the alternative: (a) mutual
mistake, (b) unilateral mistake, and (c) fraud in the inducement.

*(a) Mutual mistake*

49.     Defendant orally offered Plaintiffs a "lifetime membership" in exchange for
Plaintiffs making a substantial lump sum "prepayment" of their membership dues.

50.     This oral offer of a "lifetime membership" included an oral promise that 24
Hour Fitness would cap the Annual Renewal Fee at a lifetime rate.

51.     Plaintiffs accepted this oral offer, and Plaintiffs and Defendant memorialized
their agreement in a written contract.

52.     Plaintiffs and Defendant's agents both believed that the written agreement
accurately reflected their oral agreement.

53.     As the draftsman of the written agreement and as the one making the

representation of a "lifetime membership" with a Lifetime Fee Guarantee, 24 Hour Fitness bore the risk that the written agreement did not conform to the oral agreement.

54.     The parties' mutual mistake in accurately reducing their oral agreement to writing affected a material term because it resulted in the deletion of the Lifetime Fee Guarantee from the written agreement. The Lifetime Fee Guarantee was material to Plaintiffs because Plaintiffs would not have paid so much money up-front if they had known that they were not receiving a written promise of a lifetime membership rate.

55.     Thus, the written agreement should be reformed to conform to the parties' oral understanding. No illegality results because Plaintiffs are not bound to maintain memberships with 24 Hour Fitness for their lifetime; rather, reformation of the agreement would only reflect 24 Hour Fitness's promise of a fixed Annual Renewal Rate for as long as Plaintiffs wish to remain members. Plaintiffs, however, may cancel their agreement at any time. Further, the reformation would not be a "contract for health studio services" (as defined by California Civil Code §1812.81) in excess of three years but rather would simply reflect, as agreed upon by the parties, Plaintiffs' option to annually renew their memberships at a fixed rate.

### *(b) Unilateral mistake*

56.     In the alternative, Plaintiffs are entitled to reformation on the basis of unilateral mistake.

57.     24 Hour Fitness knew, suspected, or had reason to know that Plaintiffs believed that the written agreement was a "lifetime membership" at the time of signing.

58.     The written agreement was not actually a lifetime membership and did not reflect the oral promise that a "lifetime membership" included a Lifetime Fee Guarantee.

59.     This misunderstanding went to the essence of the contract, since Plaintiffs believed that the contract was for a "lifetime membership" and would not have bought the membership if they had known 24 Hour Fitness was not going to honor it.

60.     Plaintiffs were, in fact, mistaken about whether the written agreement

contained a Lifetime Fee Guarantee. In actuality, the written agreement purported to give 24 Hour Fitness the power to raise the Annual Renewal Fee as much as it wanted.

61.  24 Hour Fitness knew or had reason to know that Plaintiffs were mistaken about the terms of the written contract because 24 Hour Fitness caused Plaintiffs' mistake through its oral representations.

62.  24 Hour Fitness used Plaintiffs' mistake to take advantage of Plaintiffs.

63.  Had Plaintiffs known that the written contract was not a true lifetime membership, Plaintiffs would not have signed the agreement.

64.  Plaintiffs are thus entitled to reformation of the written agreement to reflect Plaintiffs' understanding that the written contract reflected a lifetime membership with a Lifetime Fee Guarantee. No illegality results because Plaintiffs are not bound to maintain memberships with 24 Hour Fitness for their lifetime; rather, reformation of the agreement would only reflect 24 Hour Fitness's promise of a fixed Annual Renewal Rate for as long as Plaintiffs wish to remain members. Plaintiffs, however, may cancel their agreement at any time. Further, the reformation would not be a "contract for health studio services" (as defined by California Civil Code §1812.81) in excess of three years but rather would simply reflect, as agreed upon by the parties, Plaintiffs' option to annually renew their memberships at a fixed rate.

*(c) Fraud in the inducement*

65.  In the alternative, Plaintiffs are entitled to reformation on the basis of fraud in the inducement.

66.  Defendants represented to Plaintiffs that the written agreement reflected the "lifetime membership" that they were orally promised, including a lifetime cap on the Annual Renewal Fee.

67.  Defendants knew that this representation was not true at the time it was made.

68.  Defendants made this representation to persuade and induce Plaintiffs to sign the written agreement.

69.      Plaintiffs reasonably relied on Defendants' representation that the written agreement was a "lifetime membership." Plaintiffs' reliance was reasonable because it was based on Defendant's written marketing materials promising a fixed Annual Renewal Fee, and which supported the verbal statements of Membership Counselors.

70.      And Plaintiffs would not have signed the contract if Plaintiffs had known that the written agreement did not reflect the orally promised "lifetime membership."

71.      Thus, Plaintiffs are entitled to reformation of the written agreement to conform with what Defendants' orally represented the membership to be: a lifetime membership which included a Lifetime Fee Guarantee.

72.      As a result of either the mutual mistake, the unilateral mistake known to Defendants, or Defendants' fraud, Plaintiffs and the Class seek a declaratory judgment that their contracts have been reformed to include a Lifetime Fee Guarantee. No illegality results because Plaintiffs are not bound to maintain memberships with 24 Hour Fitness for their lifetime; rather, reformation of the agreement would only reflect 24 Hour Fitness's promise of a fixed Annual Renewal Rate for as long as Plaintiffs wish to remain members. Plaintiffs, however, may cancel their agreement at any time. Further, the reformation would not be a "contract for health studio services" (as defined by California Civil Code §1812.81) in excess of three years but rather would simply reflect, as agreed upon by the parties, Plaintiffs' option to annually renew their memberships at a fixed rate.

### SECOND CAUSE OF ACTION
### Restitution
### (On Behalf of all Plaintiffs and the Class)

73.      Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

74.      Plaintiffs overpaid for Annual Renewal Fees that were higher than the verbally represented "lifetime" rate. Plaintiffs' Annual Renewal Fees *should have* been capped at their starting rate. But Plaintiffs paid amounts beyond the cap because 24 Hour Fitness demanded these payments and told Plaintiffs that their memberships would be canceled if they did not pay.

75.     Restitution is appropriate to restore these overpayments made by Plaintiffs.

76.     Plaintiffs conferred a benefit on 24 Hour Fitness by overpaying on the Annual Renewal Fee above the amount of the orally represented lifetime rate.

77.     24 Hour Fitness would be unjustly enriched if it got to keep the difference between the orally represented lifetime rate and the actual fee assessed. It would be inequitable to allow 24 Hour Fitness to retain money it obtained via fraud or taking advantage of Plaintiffs' mistake.

78.     Thus, Plaintiffs are entitled to restitution in the amount of any overpayments (beyond the capped amount).

### THIRD CAUSE OF ACTION
**Violation of California Consumers Legal Remedies Act**
**Cal. Civ. Code §§ 1750, *et seq*.**
**(On Behalf of all Plaintiffs and Class)**

79.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

80.     24 Hour Fitness violated the following CLRA provisions by representing to consumers that it was selling them a lifetime membership with a Lifetime Fee Guarantee when in fact it was not:

- Cal. Civ. Code § 1770(a)(5) (for representing that services have "characteristics" or "benefits" which they do not in fact have);

- Cal. Civ. Code § 1770(a)(9) (for advertising services with the intent not to sell them as advertised);

- Cal. Civ. Code § 1770(a)(13) (for making false or misleading statements as to the existence of price reductions);

- Cal. Civ. Code § 1770(a)(14) (for representing that a transaction confers or involves legal rights when it does not in fact involve or confer those rights); and

- Cal. Civ. Code § 1770(a)(16) (for representing that the subject of a transaction has been supplied in accordance with a previous representation

1    when it has not).

2    81.    By displaying marketing materials shared with prospective members at its

3    gyms advertising fixed Annual Renewal Fees, a.k.a. "Lifetime Memberships" when its

4    written adhesion contracts may have not conferred any lifetime benefits, 24 Hour Fitness

5    violated Cal. Civ. Code § 1770(a)(5), (a)(9) and (a)(14) by advertising services with the

6    intent not to sell them as advertised. 24 Hour Fitness also violated Cal. Civ. Code §

7    1770(a)(14) by representing to Plaintiffs and Class members who called to complain about

8    the increase of the annual renewal fees that they had received what was promised to them

9    despite the Membership Counselors' verbal representations regarding the Lifetime

10   Memberships.

11   82.    Plaintiffs were damaged by these CLRA violations because they would either

12   not have bought a 24 Hour Fitness membership at all, would not have paid membership fees

13   one to three years in advance, or would have sought cheaper options if they had not been

14   misled to believe that they were receiving a "lifetime membership"—with a Lifetime Fee

15   Guarantee.

16   83.    As a result of Defendant's CLRA violations, some members of the Class

17   chose to cancel their memberships instead of paying for a fee increase that they saw as

18   unfair.

19   84.    Pursuant to Cal. Civ. Code § 1780(a)(2), Plaintiffs ask for an order

20   permanently enjoining the methods, acts, and practices of 24 Hour Fitness that constitute a

21   CLRA violation—including an order requiring 24 Hour Fitness to reverse the annual renewal

22   fee increases and to reinstate any prepaid members who cancelled their memberships after

23   being assessed an increased Annual Renewal Fee.

24   85.    Plaintiff Marchewka also seeks damages on behalf of himself and the Class.

25   Plaintiff Marchewka complied with the CLRA's notice provisions under Section 1782.

26   86.    Plaintiffs also request costs and attorneys' fees under Cal. Civ. Code §§

27   1780(d).

28

1
2
3

**FOURTH CAUSE OF ACTION**
**Violation of Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200**
**(On Behalf of all Plaintiffs and the Class)**

4       87.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

5       *(a) Unfair prong*

6       88.     The unfair prong of the UCL is intentionally broad to allow courts to prevent

7    new schemes to defraud.

8       89.     24 Hour Fitness has engaged in unfair business practices by, among other

9    things, verbally promising lifetime memberships with a Lifetime Fee Guarantee and then

10   increasing the Annual Renewal Fees and in some instances having consumers sign a written

11   agreement that contained no Lifetime Fee Guarantees.

12      90.     Defendant's practices constitute unfair business practices in violation of the

13   UCL because, among other things, they are immoral, unethical, oppressive, unscrupulous or

14   substantially injurious to consumers, and/or any utility of such practices is outweighed by the

15   harm caused to consumers.

16      91.     Defendant's practices caused substantial injury to Plaintiffs and Class

17   members, are not outweighed by any benefits, and Plaintiffs and Class members could not

18   have reasonably avoided their injuries.

19      92.     Defendant's practices run counter to the public policy of the State of

20   California embodied in numerous state statutes which forbid fraud and fraudulent business

21   practices.

22      93.     As a result of Defendant's unfair misconduct, Plaintiffs lost money or

23   property by paying up-front for a lifetime membership with a Lifetime Fee Guarantee and not

24   actually receiving a true lifetime membership. Plaintiffs were also damaged by overpaying

25   for Annual Renewal Fees that were assessed beyond the verbally promised cap.

26      *(b) Fraud prong*

27      94.     Members of the public were likely to be deceived when 24 Hour Fitness

28

verbally promised a "lifetime membership" with Lifetime Fee Guarantees and later increased the Annual Renewal Fees and in some instances excluding the Lifetime Fee Guarantees from its written agreements.

95.     Plaintiffs were so-deceived into thinking the written agreement actually reflected a "lifetime membership."

96.     As a result of Defendant's fraudulent misconduct, Plaintiffs lost money or property by paying up-front for a lifetime membership with a Lifetime Fee Guarantee and not actually receiving a true lifetime membership. Plaintiffs were also damaged by overpaying for Annual Renewal Fees that were assessed beyond the verbally promised cap.

*(c) Unlawful prong*

97.     Defendant's practices constitute unlawful business practices in violation of the UCL because, among other things, they violate the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*., the Health Studio Services Contract Law, California Civil Code §§ 1812.80, *et seq.,* and the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*.

98.     Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek equitable relief in the form of an order prohibiting Defendant from continuing to collect dues in amounts that exceed the promised Annual Renewal Fees and requiring Defendant to pay Plaintiffs and Class members restitution for amounts paid above the promised Annual Renewal Fees.

99.     As a result of Defendant's unlawful conduct, Plaintiffs have suffered injury in fact and lost money or property.

**FIFTH CAUSE OF ACTION**
**California False Advertising Law**
**Cal. Bus. & Prof. Code §§ 17500,** *et seq.*
**(On Behalf of all Plaintiffs and the Class)**

100.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

101.     Defendant committed such violations of the False Advertising Law with

actual knowledge or knowledge fairly implied on the basis of objective circumstances.

102.    Plaintiffs reasonably relied on Defendant's representations and/or omissions made in violation of California Business & Professional Code §§ 17500, *et seq.*

103.    As a result of Defendant's violations, Plaintiffs suffered injury in fact and lost money or property.

104.    Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek equitable relief in the form of an order requiring Defendant to refund Plaintiffs and Class members all monies they paid in excess of their Annual Renewal Fees, and injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and requiring Defendant to perform a corrective advertising campaign.

**SIXTH CAUSE OF ACTION**
**Fraud**
**(On Behalf of all Plaintiffs and the Class)**

105.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

*(a) Intentional misrepresentation*

106.    24 Hour Fitness represented, verbally and in writing, to Plaintiffs that one of the benefits of a prepaid/lifetime membership was a fixed annual renewal fee.

107.    24 Hour Fitness represented that 24 Hour Fitness could *never* increase Plaintiffs Annual Renewal Fee. And 24 Hour Fitness represented to Plaintiffs that they were becoming "lifetime members" by prepaying their membership dues.

108.    24 Hour Fitness's representations were false: it removed the Lifetime Fee Guarantee provision from its written adhesion contract in April 2006. After April 2006, it effectively no longer offered lifetime memberships (in writing).

109.    24 Hour Fitness knew at the time of the representation of a "lifetime membership" that it effectively no longer offered this type of membership (in writing). Continuing to orally promise lifetime memberships to consumers was reckless, and 24 Hour Fitness acted without regard for the truth.

110.    24 Hour Fitness intended for Plaintiffs to rely on the promise of a lifetime membership and to induce them to prepay for their memberships up-front in exchange for this false promise of a Lifetime Fee Guarantee.

111.    Plaintiffs reasonably relied on 24 Hour Fitness's representation that they were purchasing "lifetime" memberships. Plaintiffs' reliance was reasonable because it was based on Defendant's written marketing materials promising a fixed Annual Renewal Fee, and which supported the verbal statements of Membership Counselors.

112.    Plaintiffs were harmed when 24 Hour Fitness raised their Annual Renewal Fees and told them that the payment of the higher fees was mandatory or their memberships would be cancelled. Had Plaintiffs not relied on 24 Hour Fitness's promise of a "lifetime" membership, they could have received a better locked-in rate from another fitness center or considered other payment options with 24 Hour Fitness. If Plaintiffs had not prepaid a substantial sum of money up-front, they could have received the time-value of their money (such as interest).

### *(b) False promise*

113.    24 Hour Fitness promised Plaintiffs a "lifetime" membership. This promise was important to the transaction: Plaintiffs would have considered other gyms or other payment options with 24 Hour Fitness had 24 Hour Fitness *not* promised Plaintiffs a "lifetime" membership.

114.    24 Hour Fitness did not intend to provide this "lifetime" membership or its attendant Lifetime Fee Guarantee when the promise was made. 24 Hour Fitness removed this lifetime guarantee from its written contracts in April 2006 precisely because 24 Hour Fitness intended to raise its Annual Renewal Fee in the future, even though it continued to orally promise potential customers a "lifetime" membership rate with a fixed Annual Renewal Fee.

115.    24 Hour Fitness intended that Plaintiffs rely on the promise of a "lifetime" membership in purchasing a 24 Hour Fitness membership. Plaintiffs' reliance was reasonable because it was based on Defendant's written marketing materials promising a fixed Annual

Renewal Fee, and which supported the verbal statements of Membership Counselors.

116.   Plaintiffs reasonably relied on this promise by prepaying a significant sum of money up-front in exchange for what they reasonably believed to be a "lifetime membership."

117.   24 Hour Fitness did not, in actuality, provide the orally promised Lifetime Fee Guarantee to Plaintiffs. 24 Hour Fitness raised their rates.

118.   Plaintiffs were harmed by paying additional money for their Annual Renewal Fee when they were promised that this fee would stay capped at a lifetime rate. If Plaintiffs had joined another gym instead, they could have been locked into better rates.  Alternatively, if Plaintiffs had known that the membership did not truly offer "lifetime" protections, they could have bargained with 24 Hour Fitness for a better price.

119.   Plaintiffs ask for compensatory and punitive damages subject to proof.

**SEVENTH CAUSE OF ACTION**
**Fraud**
**(On Behalf of Plaintiffs O'Shea and Losquadro and the California Class)**
**(*In the alternative*)**

120.   Plaintiffs O'Shea and Losquadro incorporate the foregoing allegations as if fully set forth herein, excluding paragraphs 100 through 119.

*(a) Intentional misrepresentation*

121.   24 Hour Fitness orally represented to Plaintiffs O'Shea and Losquadro that their written contracts contained a legally enforceable provision guaranteeing them a capped lifetime rate on their Annual Renewal Fee.

122.   24 Hour Fitness represented that 24 Hour Fitness could *never* increase Plaintiffs O'Shea's and Losquadro's Annual Renewal Fee. And 24 Hour Fitness represented to Plaintiffs O'Shea and Losquadro that they were becoming "lifetime members" by prepaying their membership dues.

123.   24 Hour Fitness's representations were false: it removed the Lifetime Fee Guarantee provision from its written adhesion contract in April 2006. After April 2006, it

1   effectively no longer offered lifetime memberships (in writing).

2       124.    24 Hour Fitness knew at the time of the representation of a "lifetime

3   membership" that it effectively no longer offered this type of membership (in writing).

4   Continuing to orally promise lifetime memberships to consumers was reckless, and 24 Hour

5   Fitness acted without regard for the truth.

6       125.    24 Hour Fitness intended for Plaintiffs O'Shea and Losquadro to rely on the

7   promise of a lifetime membership and to induce them to prepay for their membership up-

8   front in exchange for this false promise of a Lifetime Fee Guarantee.

9       126.    Plaintiffs O'Shea and Losquadro reasonably relied on 24 Hour Fitness's

10   representation that he was purchasing a "lifetime" membership.

11       127.    Plaintiffs O'Shea and Losquadro were harmed when 24 Hour Fitness raised

12   their Annual Renewal Fees and told them that the payment of the higher fees was mandatory

13   or their memberships would be cancelled. Had Plaintiffs O'Shea and Losquadro not relied on

14   24 Hour Fitness's promise of a "lifetime" membership, they could have received a better

15   locked-in rate from another fitness center or considered other payment options with 24 Hour

16   Fitness. If Plaintiffs O'Shea and Losquadro had not prepaid a substantial sum of money up-

17   front, they could have received the time-value of their money (such as interest).

18       *(b) False promise*

19       128.    24 Hour Fitness promised Plaintiffs O'Shea and Losquadro a "lifetime"

20   membership. This promise was important to the transaction: Plaintiffs O'Shea and Losquadro

21   would have considered other gyms or other payment options with 24 Hour Fitness had 24

22   Hour Fitness *not* promised Plaintiffs O'Shea and Losquadro a "lifetime" membership.

23       129.    24 Hour Fitness did not intend to provide this "lifetime" membership or its

24   attendant Lifetime Fee Guarantee when the promise was made. 24 Hour Fitness removed this

25   lifetime guarantee from its written contracts in April 2006 precisely because 24 Hour Fitness

26   intended to raise its Annual Renewal Fee in the future, even though it continued to orally

27   promise potential customers a "lifetime" membership rate.

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

130.    24 Hour Fitness intended that Plaintiffs O'Shea and Losquadro rely on the promise of a "lifetime" membership in purchasing a 24 Hour Fitness membership.

131.    Plaintiffs O'Shea and Losquadro reasonably relied on this promise by prepaying a significant sum of money up-front in exchange for what they reasonably believed to be a "lifetime membership."

132.    24 Hour Fitness did not, in actuality, provide the orally promised Lifetime Fee Guarantee to Plaintiffs O'Shea and Losquadro. 24 Hour Fitness raised their rates.

133.    Plaintiffs O'Shea and Losquadro were harmed by paying additional money for their Annual Renewal Fee when they were promised that this fee would stay capped at a lifetime rate. If Plaintiffs O'Shea and Losquadro had joined another gym instead, they could have been locked into better rates.  Alternatively, if Plaintiffs O'Shea and Losquadro had known that the membership did not truly offer "lifetime" protections, they could have bargained with 24 Hour Fitness for a better price.

134.    Plaintiffs O'Shea and Losquadro ask for compensatory and punitive damages subject to proof.

## EIGHTH CAUSE OF ACTION
### Violation of Health Studio Services Contract Law
### Cal. Civ. Code §§ 1812.80, *et seq.*
### (On Behalf of all Plaintiffs and the Class)

135.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

136.    24 Hour Fitness is a provider of "health studio services" within the meaning of Cal. Civ. Code § 1812.81.

137.    24 Hour Fitness violated Cal. Civ. Code § 1812.82 by not reducing to writing its oral representations and promises to Plaintiffs and the Class that they would receive a fixed, annual renewal rate for each year they wished to remain 24 Hour Fitness members after the term of the prepaid membership period expired.  Under § 1812.82, all health studio contracts must be in writing. Because 24 Hour Fitness's conduct violated §1812.82, its prepaid memberships are void *ab initio*, so Plaintiffs are entitled to have their membership

fees refunded. § 1812.91.

138.    24 Hour Fitness violated Cal. Civ. Code § 1812.84(b) by not providing a contract in writing reflecting its oral representations and promises to Plaintiffs and the Class containing the length of the contract term in a size equal to at least 14-point type above the place for the member's signature. Under § 1812.84(b), all health studio contracts must state the length of the contract term in a size equal to at least 14-point type above the place for the member's signature. Because 24 Hour Fitness's conduct violated §1812.84(b), its prepaid memberships are void *ab initio*, so Plaintiffs are entitled to have their membership fees refunded. § 1812.91.

139.    24 Hour Fitness also violated Cal. Civ. Code § 1812.92 by willfully and falsely, fraudulently, and/or misleadingly representing to consumers the benefit of prepaid memberships as providing a fixed Annual Renewal Fee, when the written contract contained no such provisions. Consumers reasonably relied on 24 Hour Fitness's representations by investing a substantial sum of money to purchase a prepaid membership in the belief that they were receiving Lifetime Fee Guarantees. 24 Hour Fitness specifically trained its salespeople to tell consumers that they were receiving lifetime memberships, even though such memberships did not exist on paper after 2006. Because 24 Hour Fitness's conduct violated §1812.92, its prepaid memberships are void *ab initio*, so Plaintiffs are entitled to have their membership fees refunded. § 1812.91.

140.    For 24 Hour Fitness's violation of California's Health Studio Services Contract Law, Plaintiffs request actual damages, treble damages, and attorneys' fees, pursuant to Cal. Civ. Code § 1812.94(a).

**NINTH CAUSE OF ACTION**
**Unlawful Trade Practices Act**
**Or. Rev. Stat. §§ 646.638, *et seq.***
**(On behalf of Plaintiff Vitcov and the Oregon Class)**
**(*In the alternative*)**

141.    Plaintiff Vitcov incorporates the foregoing allegations as if fully set forth

1   herein, excluding paragraphs 79 through 104.

2       142.    By orally representing that Plaintiff Vitcov would receive a "lifetime

3   membership" with a Lifetime Fee Guarantee when the written contract contained no such

4   lifetime provisions, 24 Hour Fitness violated the following provisions of Oregon's UTPA:

5           • Or. Rev. Stat. § 646.608(e) (for representing that services have

6             "characteristics," "benefits," and "qualities" that they do not have);

7           • Or. Rev. Stat. § 646.608(j) (for making false or misleading statements of

8             facts regarding the existence of price reductions);

9           • Or. Rev. Stat. § 646.608(t) (for concurrently with delivery of services,

10            failing to disclose any known, material nonconformity);

11          • Or. Rev. Stat. § 646.608(u) (for engaging in unfair or deceptive conduct in

12            trade or commerce); and

13          • Or. Rev. Stat. § 646.608(cc) (for failing to furnish a written list of all

14            membership categories, which would have shown there was no lifetime

15            membership, and for orally selling a form of membership plan that was

16            not included on any written list). *See also* Or. St. § 646A.032.

17      143.    By posting signs around its gyms stating "Lifetime Memberships," 24 Hour

18  Fitness violated Or. Rev. Stat. § 646.608(i) for advertising goods with the intent not to

19  provide them as advertised.

20      144.    Plaintiff Vitcov has suffered an ascertainable loss by overpaying beyond the

21  orally promised lifetime cap on his Annual Renewal Fees. This loss was the direct result of

22  Defendant's aforementioned violations of Oregon's UTPA.

23      145.    On behalf of himself and others similarly situated, Plaintiff Vitcov requests

24  the greater of: actual damages or statutory damages of $200 per person, plus punitive

25  damages, and any equitable relief the Court considers necessary or proper to remedy the

26  violations of the UTPA. Plaintiff Vitcov also request costs and attorneys' fees pursuant to §

27  646.638(3).

28

**TENTH CAUSE OF ACTION**
**Fraud under Oregon Law**
**(On behalf of Plaintiff Vitcov and the Oregon Class)**
**(*In the alternative*)**

146.    Plaintiff Vitcov incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 105 through 134.

147.    Defendant made a representation that Plaintiff Vitcov was purchasing a lifetime membership, which included a Lifetime Fee Guarantee.

148.    Defendant's representation was in fact false because: the written agreement nowhere contained the word "lifetime" and it even asserted 24 Hour Fitness's right to raise the Annual Renewal Fee at any time.

149.    The representation that Plaintiff Vitcov was buying a "lifetime membership" was material to the transaction because it went to the very core of what Plaintiff Vitcov believed he was buying.

150.    24 Hour Fitness knew or was willfully ignorant about the truth of its representation that the written agreement represented a "lifetime membership."

151.    24 Hour Fitness intended for its representation that Plaintiff Vitcov was buying a "lifetime membership" to induce him to pay a significant amount of money up-front and to sign its written adhesion contract.

152.    Plaintiff Vitcov did both of these things in reliance on Defendant's oral representations.

153.    Plaintiff Vitcov did not know that he was not in fact getting any written legal promise of a "lifetime" membership or a lifetime cap on Annual Renewal Fees.

154.    Plaintiff Vitcov relied and had a right to rely on Defendant's oral representations that the membership was a "lifetime membership"—both because Plaintiff Vitcov's reliance was reasonable and because as the more sophisticated party in the transaction, 24 Hour Fitness was under a legal duty to accurately portray to Plaintiff Vitcov what he was signing.

155.    Plaintiff Vitcov's injuries—in overpaying for Annual Renewal Fees beyond the promised lifetime cap and not having the opportunity to seek a better deal—were directly and proximately caused by Defendant's oral representation that Plaintiff Vitcov was purchasing and signing a "lifetime membership."

156.    Plaintiff Vitcov asks for compensatory and punitive damages subject to proof.

**ELEVENTH CAUSE OF ACTION**
**Texas Health Spa Act**
**Tex. Occ. Code §§ 702.001 *et seq.***
**(On Behalf of Plaintiff Morris and the Texas Class)**
**(*In the alternative*)**

157.    Plaintiff Morris incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 135 through 140.

158.    24 Hour Fitness is a "health spa" within the meaning of Tex. Occ. Code § 702.003(4).

159.    In violation of § 702.402(a)(2)(D), 24 Hour Fitness made material misrepresentations to prospective members about the membership rights they would be receiving if they purchased a prepaid membership. 24 Hour Fitness told prospective members that they would be receiving a Lifetime Fee Guarantee, when—in fact—no such guarantee appeared in the written membership contract. Prospective members relied on the oral representation of a Lifetime Fee Guarantee in prepaying a substantial sum of money when purchasing their membership. Such members were harmed when 24 Hour Fitness raised their Annual Renewal Fees.

160.    24 Hour Fitness also violated § 702.311(3) by willfully and falsely, fraudulently, and/or misleadingly representing to consumers that its prepaid memberships were lifetime memberships, when the written contract contained no lifetime provisions. Consumers reasonably relied on this representation by investing a substantial sum of money to purchase a prepaid membership from 24 Hour Fitness in the belief that they were receiving a locked-in lifetime rate. 24 Hour Fitness specifically trained its salespeople to tell consumers

that they were receiving lifetime memberships, even though such memberships did not exist on paper. Because 24 Hour Fitness's conduct violated § 702.311(3), its prepaid memberships are void *ab initio*, so Plaintiff is entitled to have his membership fees returned. § 702.311(3).

161.    For 24 Hour Fitness's violation of the HSA, Plaintiff Morris requests actual damages, punitive damages, reasonable attorneys' fees and costs, and all proper equitable relief, including reformation to reflect a Lifetime Fee Guarantee and a permanent injunction requiring 24 Hour Fitness to retrain its sales staff to stop representing prepaid memberships as lifetime memberships.

## TWELFTH CAUSE OF ACTION
### Texas Deceptive Trade Practices Act
### Tex. Bus. & Com. Code §§ 17.50 *et seq.*
### (On Behalf of Plaintiff Morris and the Texas Class)
### (*In the alternative*)

162.    Plaintiff Morris incorporates by reference the foregoing allegations as if fully set forth herein, excluding paragraphs 79 through 119 and paragraphs 141 through 145.

*(a) Unconscionable act or course of conduct*

163.    By orally promising consumers a "lifetime membership" when none existed in writing with the intent to later claim that no such agreement existed, 24 Hour Fitness engaged in an "unconscionable action or course of action" in violation of Tex. Bus. & Com. Code § 17.50(a)(3).

164.    24 Hour Fitness took advantage of consumers' lack of legal knowledge and experience in a grossly unfair manner.

*(b) Enumerated violations*

165.    By misleading consumers as to the nature of the written contract and as to the existence in the writing of a "lifetime membership" with its attendant Lifetime Fee Guarantee, 24 Hour Fitness used a false, misleading, or deceptive practice. 24 Hour Fitness's conduct—when coupled with consumers' detrimental reliance on its oral representations and 24 Hour Fitness's violation of an enumerated provision of Tex. Bus. & Com. Code §

17.46(b)—constitutes a violation of the Texas DTPA.

166.    24 Hour Fitness's misleading oral representation that its written adhesion contracts contained "lifetime" guarantees violates the following enumerated provisions of the DTPA:

- § 17.46(b)(5): for representing that services have "characteristics" that they in fact do not have;

- § 17.46(b)(7): for representing that services are of a particular type when they are not;

- § 17.46(b)(11): for making false or misleading statements about the existence of price reductions;

- § 17.46(b)(12): for representing that an agreement confers legal rights that it does not confer;

- § 17.46(b)(14): for misrepresenting the authority of a salesman to negotiate the final terms of a consumer contract;

- § 17.46(b)(24): for failing to disclose information concerning services—which was known at the time of the transaction—when such failure to disclose was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

- Tex. Occ. Code § 702.402(a)(2)(D): for making material misrepresentations to prospective members about the membership rights they would be receiving if they purchased a prepaid membership. A violation of Tex. Occ. Code § 702.402(a)(2)(D) is also a violation of the DTPA. Tex. Occ. Code § 702.403.

167.    Also, 24 Hour Fitness's placing signs on its gyms stating "Lifetime Memberships" constituted advertising services with intent not to sell them as advertised, in violation of Tex. Bus. & Com. Code § 17.46(b)(9).

168.    Plaintiff Morris is a consumer within the meaning of the DTPA and has suffered economic damages—in the form of overpayments and opportunity costs in failing to

1    seek a better deal—as a direct result from 24 Hour Fitness's violations of the DTPA.

2    169.    24 Hour Fitness's conduct was a producing cause of Plaintiff Morris's

3    damages.

4    170.    Plaintiff Morris asks for economic damages equal to any money had and

5    received by 24 Hour Fitness that constituted an overpayment of the Annual Renewal Fee

6    above-and-beyond the orally promised lifetime cap. Plaintiff Morris additionally seeks treble

7    damages as punitive damages under the DTPA. Awarding treble damages in this case is

8    necessary to encourage private enforcement of Texas's consumer protection laws. Pursuant

9    to § 17.50(d), Plaintiff Morris also requests attorneys' fees. Lastly, Plaintiff Morris requests

10   any other relief the Court deems proper, as permitted by the DTPA.

11
12   **THIRTEENTH CAUSE OF ACTION**
     **Fraud under Texas Law**
     **(On Behalf of Plaintiff Morris and the Texas Class)**
     **(*In the alternative*)**

13

14   171.    Plaintiff Morris incorporates the foregoing allegations as if fully set forth

15   herein, excluding paragraphs 105 through 134 and paragraphs 141 through 156.

16   *(a) Fraudulent misrepresentation*

17   172.    A representation was made by 24 Hour Fitness that Plaintiff Morris was

18   buying a "lifetime membership," with a Lifetime Fee Guarantee. This representation was

19   material because Plaintiff Morris would not have purchased the membership or would have

20   demanded to pay less for it if he knew that the contract did not reflect any lifetime

21   guarantees.

22   173.    The representation was false: 24 Hour Fitness's written contract contained no

23   "lifetime" guarantees.

24   174.    At the time the statement was made, 24 Hour Fitness knew it was false or

25   acted with reckless disregard of its truth.

26   175.    24 Hour Fitness made the representation with the intent that it induce Plaintiff

27   Morris to sign the written agreement and pay a substantial sum up-front in the belief he was

28

receiving a "lifetime membership."

176.    Plaintiff Morris in fact relied on the representation of a "lifetime membership" by purchasing the membership and signing the written contract.

177.    Plaintiff Morris thereby suffered injury by overpaying Annual Renewal Fees beyond the capped-amount and by losing an opportunity to seek more advantageous membership options from other fitness-providers or from 24 Hour Fitness itself.

*(b) Fraud by nondisclosure*

178.    Alternatively, Plaintiff Morris pleads fraud by nondisclosure.

179.    24 Hour Fitness failed to disclose to Plaintiff Morris that the written adhesion contract did not contain the word "lifetime" anywhere in it and did not reflect any of the oral representations of its salespeople of a "lifetime" membership.

180.    24 Hour Fitness did not disclose that the written contract did not contain a Lifetime Fee Guarantee.

181.    By making oral suggestions to the contrary, Defendant had a duty to inform Plaintiff Morris that the written contract did not contain these material provisions.

182.    These provisions were material because Plaintiff Morris would not have bought a membership with 24 Hour Fitness or would have sought a better deal if he had known that the written contract did not contain any "lifetime" guarantees.

183.    Defendant knew that Plaintiff Morris was ignorant of these facts, and Plaintiff Morris was not on equal footing with Defendant in terms of discovering these facts because Defendant drafted the adhesion contract.

184.    Defendant was deliberately silent in correcting Plaintiff Morris's belief that the written contract contained lifetime guarantees.

185.    By failing to disclose these facts, 24 Hour Fitness intended to induce Plaintiff Morris to sign the written contract and pay a substantial sum of money up-front in exchange for what Plaintiff *believed* was a "lifetime membership."

186.    Plaintiff Morris relied on Defendant's nondisclosure in signing the agreement

1    and paying the up-front agreed sum.

2        187.    Plaintiff Morris was injured by acting without knowledge that the adhesion

3    contract did not reflect a true lifetime membership because 24 Hour Fitness later used the

4    terms of the written contract to raise the Annual Renewal Fees beyond the orally represented

5    lifetime-cap.

6        188.    Plaintiff Morris asks for compensatory and punitive damages for Defendant's

7    fraudulent conduct.

**FOURTEENTH CAUSE OF ACTION**
**Violation of the Washington State Consumer Protection Act**
**(Deceptive Business Practices, RCW 19.86 *et seq*.)**
**(On Behalf of Plaintiff Marchewka and the Washington Class)**
**(*In the alternative*)**

11       189.    Plaintiff Marchewka incorporates the foregoing allegations as if fully set forth

12   herein, excluding paragraphs 79 through 104 and paragraphs 141 through 156.

13       190.    Defendant is a "person" within the meaning of the Washington Consumer

14   Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the

15   meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

16       191.    Plaintiff Marchewka and Class members are "persons" within the meaning of

17   the Washington Consumer Protection Act, RCW 19.86.010(1).

18       192.    Defendant engaged in deceptive acts or practices by orally promising

19   consumers a "lifetime membership" when none existed in writing with the intent to later

20   claim that no such agreement existed.

21       193.    Defendant engaged in deceptive acts or practices by failing to disclose to

22   Plaintiff Marchewka that the written adhesion contract did not contain the word "lifetime"

23   anywhere in it and did not reflect any of the oral representations of its salespeople of a

24   "lifetime" membership.

25       194.    Defendant's deceptive acts or practices have occurred in its trade or business

26   and were and are capable of deceiving a substantial portion of the public.  As such,

27   Defendant's general course of conduct as alleged herein is injurious to the public interest,

28

and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

195.    The facts misrepresented to Plaintiff Marchewka and the Class are material in that a reasonable consumer would consider annual renewal rates after a prepaid membership period important in deciding whether to pay for three years' worth of membership in advance.

196.    As a direct and proximate result of Defendant's deceptive acts or practices, Plaintiff Marchewka and Class members suffered injury in fact and lost money.

197.    Plaintiff Marchewka and the Class are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

198.    Plaintiff Marchewka and the Class are also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the Class members, of all or part of the ill-gotten profits Defendants received from their deceptive acts or practices.

### FIFTEENTH CAUSE OF ACTION
**Violation of the Washington State Consumer Protection Act**
**(Unfair Business Practices, RCW 19.86 *et seq*.)**
**(On Behalf of Plaintiff Marchewka and the Washington Class)**
**(*In the alternative*)**

199.    Plaintiff Marchewka incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 79 through 104 and paragraphs 141 through 156.

200.    Defendant is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

201.    Plaintiff Marchewka and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

202. Defendant engaged in unfair acts or practices by orally promising consumers a "lifetime membership" when none existed in writing with the intent to later claim that no such agreement existed.

203. Defendant engaged in unfair acts or practices by failing to disclose to Plaintiff Marchewka that the written adhesion contract did not contain the word "lifetime" anywhere in it and did not reflect any of the oral representations of its salespeople of a "lifetime" membership.

204. Defendant's actions are unfair because these acts or practices offend public policy as it has been established by statutes, regulations, the common law or otherwise, including, but not limited to, the public policy established by RCW 19.138 *et seq*.

205. Defendant's actions are unfair because these acts or practices (1) have caused substantial financial injury to Plaintiff Marchewka and Class members; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers.

206. Defendant's acts are unfair because these acts or practices are immoral, unethical, oppressive and/or unscrupulous.

207. Defendant's unfair acts or practices have occurred in its trade or business and were and are capable of injuring a substantial portion of the public. As such, Defendant's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

208. As a direct and proximate result of Defendant's unfair acts or practices, Plaintiff Marchewka and Class members suffered injury in fact and lost money.

209. Plaintiff Marchewka and the Class are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

210. Plaintiff Marchewka and the Class are also entitled to equitable relief as the

1  Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the

2  Class members, of all or part of the ill-gotten profits Defendant received from their force-

3  placed insurance scheme.

### SIXTEENTH CAUSE OF ACTION
**Fraud under Washington Law**
**(On Behalf of Plaintiff Marchewka and the Washington Class)**
**(*In the alternative*)**

7  211.   Plaintiff Marchewka incorporates the foregoing allegations as if fully set forth

8  herein, excluding paragraphs 105 through 134, paragraphs 146 through 156, and paragraphs

9  171 through 188.

10  *(a) Fraudulent misrepresentation*

11  212.   A representation was made by 24 Hour Fitness that Plaintiff Marchewka was

12  buying a "lifetime membership," with a Lifetime Fee Guarantee. This representation was

13  material because Plaintiff Marchewka would not have purchased the membership or would

14  have demanded to pay less for it if he knew that the contract did not reflect any lifetime

15  guarantees.

16  213.   The representation was false: 24 Hour Fitness's written contract contained no

17  "lifetime" guarantees.

18  214.   At the time the statement was made, 24 Hour Fitness knew it was false or

19  acted with reckless disregard of its truth.

20  215.   24 Hour Fitness made the representation with the intent that it induce Plaintiff

21  Marchewka to sign the written agreement and pay a substantial sum up-front in the belief he

22  was receiving a "lifetime membership."

23  216.   Plaintiff Marchewka in fact relied on the representation of a "lifetime

24  membership" by purchasing the membership and signing the written contract.

25  217.   Plaintiff Marchewka thereby suffered injury by overpaying Annual Renewal

26  Fees beyond the capped-amount and by losing an opportunity to seek more advantageous

27  membership options from other fitness-providers or from 24 Hour Fitness itself.

28

*(b) Fraud by nondisclosure*

218.    Alternatively, Plaintiff Marchewka pleads fraud by nondisclosure.

219.    24 Hour Fitness failed to disclose to Plaintiff Marchewka that the written adhesion contract did not contain the word "lifetime" anywhere in it and did not reflect any of the oral representations of its salespeople of a "lifetime" membership.

220.    24 Hour Fitness did not disclose that the written contract did not contain a Lifetime Fee Guarantee.

221.    By making oral suggestions to the contrary, Defendant had a duty to inform Plaintiff Marchewka that the written contract did not contain these material provisions.

222.    These provisions were material because Plaintiff Marchewka would not have bought a membership with 24 Hour Fitness or would have sought a better deal if he had known that the written contract did not contain any "lifetime" guarantees.

223.    Defendant knew that Plaintiff Marchewka was ignorant of these facts, and Plaintiff Marchewka was not on equal footing with Defendant in terms of discovering these facts because Defendant drafted the adhesion contract.

224.    Defendant was deliberately silent in correcting Plaintiff Marchewka's belief that the written contract contained lifetime guarantees.

225.    By failing to disclose these facts, 24 Hour Fitness intended to induce Plaintiff Marchewka to sign the written contract and pay a substantial sum of money up-front in exchange for what Plaintiff believed was a "lifetime membership."

226.    Plaintiff Marchewka relied on Defendant's nondisclosure in signing the agreement and paying the up-front agreed sum.

227.    Plaintiff Marchewka was injured by acting without knowledge that the adhesion contract did not reflect a true lifetime membership because 24 Hour Fitness later used the terms of the written contract to raise the Annual Renewal Fees beyond the orally represented lifetime-cap.

228.    Plaintiff Marchewka asks for compensatory and punitive damages for

1  Defendant's fraudulent conduct.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request

4  that the Court enter an order:

5  A.      Certifying this case as a class action on behalf of the Class defined above,

6  appointing Plaintiffs as representatives of the Class, and appointing their counsel as class

7  counsel;

8  B.      Declaring that Plaintiffs are entitled to reformation of their written contracts to

9  reflect a lifetime membership with its attendant guarantees;

10  C.      Declaring that Defendant's conduct, as set out above, violate the statutes

11  alleged herein;

12  D.      Declaring that Defendant's conduct constitutes fraud;

13  E.      Awarding damages, including restitutionary, statutory, and punitive damages

14  where applicable, to Plaintiffs and the Class in an amount to be determined at trial;

15  F.      Awarding Plaintiffs and the Class their reasonable litigation expenses and

16  attorneys' fees;

17  G.      Awarding Plaintiffs and the Class pre- and post-judgment interest, to the

18  extent allowable;

19  H.      Awarding such other injunctive and declaratory relief as is necessary to

20  protect the interests of Plaintiffs and the Class; and

21  I.      Awarding such other and further relief as the Court deems reasonable and just.

22  **DEMAND FOR JURY TRIAL**

23  Plaintiffs demand a trial by jury for all issues so triable.

24

25

26

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**KEVIN O'SHEA, MARK VITCOV, ROD MORRIS, MICHAEL LOSQUADRO, AND RUSSELL MARCHEWKA**, individually and on behalf of all others similarly situated

Dated:  December 9, 2016              By:   Eve-Lynn J. Rapp_____

Eve-Lynn Rapp (admitted *pro hac vice*)
erapp@edelson.com
Stewart R. Pollock (SBN – 301356)
spollock@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorney for Plaintiffs and the Putative Class*

Dated:  December 9, 2016              By:   Rosemary M. Rivas_____

Rosemary M. Rivas (SBN – 209147)
rrivas@finkelsteinthompson.com
Quentin A. Roberts (SBN – 306687)
qroberts@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
One California Street, Suite 900
San Francisco, CA 94111
Tel: 415.398.8700
Fax: 415.398.8704

Marc L. Godino (SBN – 182689)
mgodino@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310.201.9150
Fax: 310.201.9160

*Attorney for Plaintiffs and the Putative Class*

**DECLARATION OF EVE-LYNN J. RAPP**
**PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)**

I, Eve-Lynn J. Rapp, declare as follows:

1.       I am an attorney with the law firm Edelson PC, counsel of record for Plaintiffs O'Shea, Morris, Losquadro, Vitcov and Marchewka.  I am admitted to practice law in and a member in good standing of the State Bar of Illinois. I am admitted to practice before this Court *pro hac vice*. This Declaration is made pursuant to California Civil Code section 1780(d).  I make this Declaration based on my research of public records and also upon personal knowledge, and if called upon to do so, could and would testify competently thereto.

2.       Based on my research of publicly available records available at the website of the California Secretary of State, 24 Hour Fitness USA, Inc. maintains its headquarters in San Ramon, California, within this District, and also conducts business within this District.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of December 2016 at San Francisco, California.

/s/ Eve-Lynn J. Rapp

1

## **CERTIFICATE OF SERVICE**

2       I, Eve-Lynn J. Rapp, an attorney, hereby certify that on December 9, 2016, I served
the above and foregoing document by causing true and accurate copies of such paper to be
3   transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

4                                        /s/ Eve-Lynn J. Rapp

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28