Rafey S. Balabanian (SBN - 315962)
rbalabanian@edelson.com
Eve-Lynn Rapp (admitted *pro hac vice*)
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: (415) 212-9300
Facsimile: (415) 373-9435

Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
Of Counsel to
FINKELSTEIN THOMPSON LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 398-8700
Direct: (510) 238-9610
Facsimile: (415) 398-8704

Timothy N. Mathews (*pro hac vice* pending)
TNM@chimicles.com
Catherine Pratsinakis (*pro hac vice* pending)
CP@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
Fax: (610) 649-3633

[Additional counsel listed on signature page]
*Counsel for Plaintiffs and the Settlement Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE 24 HOUR FITNESS PREPAID MEMBERSHIPS LITIGATION | CASE NO. 4:16-cv-01668 CONSOLIDATED CASES: No. 3:16-cv-01668-JSW No. 3:16-cv-02359-JSW |
| | **DECLARATION OF RAFEY S. BALABANIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |
| | Judge:      Jeffrey S. White Date:       December 8, 2017 Time:       9:00 A.M. Courtroom:  5, 2nd Floor |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.      I am an attorney admitted to practice in the United States District Court for the Northern District of California. I am entering this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement. (ECF No. 105.) This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.      I am the Managing Partner of Edelson PC. My firm along with the law firms Chimicles & Tikellis LLP, Tycko & Zavareei LLP, and Finkelstein Thompson LLP have been retained to represent Plaintiffs Kevin O'Shea, Mark Vitcov, Rod Morris, Michael Losquadro, Dipti Shah, and/or Russell Marchewka in this case and to act as proposed class counsel on behalf of the class.

### A.  The Federal and State Actions

3.      This case was initiated on April 1, 2016, when Plaintiffs O'Shea, Vitcov, and Morris filed a putative class action complaint against Defendant 24 Hour Fitness USA, Inc. ("Defendant" or "24 Hour") in the Northern District of California, captioned *Kevin O'Shea, et al. v. 24 Hour Fitness USA, Inc.*, Case No. 3:16-cv-1668-EDL. Shortly thereafter, on April 29, 2016, Plaintiff Marchewka filed a materially identical lawsuit captioned *Russell Marchewka v. 24 Hour Fitness USA, Inc.*, Case No. 3:16-02359-MEJ.

4.      The two cases (hereafter referred to as the "Federal Action") were then consolidated for all purposes into a case captioned *In re 24 Hour Fitness Prepaid Memberships Litigation*, Case No. 4:16-cv-01668-JSW. Plaintiffs O'Shea, Vitcov, Morris, and Marchewka later joined together and, adding Plaintiff Losquadro, filed a consolidated class action complaint on July 26, 2016, which they later amended on December 9, 2016.

5.      On April 15, 2016, shortly prior to the filing of the *Marchweka* action, Plaintiff Shah served 24 Hour with a pre-suit demand letter pursuant to California's Consumers Legal Remedies Act (CLRA). Thereafter on June 2, 2016, Plaintiff Shah filed a class action lawsuit against 24 Hour in the California Superior Court in Alameda County (the "State Action") asserting

DECLARATION OF RAFEY S. BALABANIAN                                    CASE NO. 4:16-CV-01668-JSW

1   similar claims to those asserted in the Federal Action. On November 1, 2017, Plaintiff Shah joined

2   the other Plaintiffs in filing a Conditional Third Amended Consolidated Complaint, asserting

3   numerous causes of action under the laws of various states, including those of California, Oregon,

4   Texas and Washington. (ECF No. 104, "TAC".)

5      6.      The separate filings by the various firms involved in the Federal and State Actions

6   were not coordinated between the firms in any way. The cases were filed independently of one

7   another and resulted from each Plaintiff's experience of the issues involved in this case. As

8   discussed more fully below, in the year leading up to the settlement, counsel for all Plaintiffs in

9   the Federal and State Actions coordinated their efforts and worked cooperatively with respect to

10  informal discovery and settlement negotiations. However, the attorneys had never met prior to

11  their joint efforts to settle the Actions on a consolidated basis.

12     7.      As alleged in the TAC, Defendant was the operator of the largest chain of fitness

13  centers in the United States. (TAC ¶ 19.) Prior to 2006, Defendant's prepaid membership contracts

14  stated that it would not increase the annual renewal amounts for lifetime members so long as they

15  remained members in good standing. After April 2006, however, Plaintiffs alleged that Defendant

16  changed the membership contracts to provide that the annual renewal amount was only guaranteed

17  for an additional one year beyond the initial term. Plaintiffs alleged that, despite this change,

18  Defendant's sales representatives continued to represent that the contract promised guaranteed

19  lifetime renewal amounts. The TAC alleges that 24 Hour Fitness sales employees explicitly told

20  consumers – as they were trained to do – that there was "no need to spend the time to read all the

21  fine print." (*Id*. ¶ 28, n. 7.)  On or around June 1, 2015, 24 Hour Fitness began informing certain

22  prepaid members that their annual renewal amount would increase. Once that started happening,

23  consumers began posting complaints online describing virtually identical sales pitches. (*Id.* ¶¶ 28–

24  30.)

25     **B.  *Prosecution of the Actions and Settlement Discussions***

26     8.      24 Hour Fitness moved to dismiss the Federal Action on several grounds, and after

27  the issues were fully briefed, the Court granted 24 Hour Fitness's motion without prejudice on

28

DECLARATION OF RAFEY S. BALABANIAN                                    CASE NO. 4:16-CV-01668-JSW

September 1, 2017 and granted Plaintiffs leave to amend. The Federal Plaintiffs filed their second amended complaint on September 22, 2017.

9.  Shortly after the Plaintiff Shah's lawsuit was filed, the parties in the State Action commenced discussing and exchanging drafts of the case management statement outlining their respective claims and positions. In addition, on July 7, 2016, Plaintiff Shah served 24 Hour Fitness with extensive discovery requests.

10.  However, during the pendency of 24 Hour Fitness's motion to dismiss in the Federal Action and prior to 24 Hour Fitness's deadline to respond to Plaintiff Shah's discovery requests in the State Action, 24 Hour Fitness suggested that Plaintiffs in the Federal and State Actions agree to a limited stay of the Actions to provide 24 Hour Fitness an opportunity to conduct its investigation and compile discovery that 24 Hour intended to provide to Plaintiffs. The parties agreed to stay their respective proceedings, to provide them time to compile and exchange documents and information *viz-a-viz* an informal discovery process. This exchange of information was to be followed up by an in-person meeting at which the parties would present their information and discuss their respective positions.

11.  Plaintiffs' counsel in the Federal and State Actions coordinated their efforts to investigate and compile information that had been requested by 24 Hour Fitness. Plaintiffs' counsel spent time and resources locating witnesses, interviewing 24 Hour Fitness gym members and former 24 Hour Fitness employees. Plaintiffs' counsel also reviewed and compiled various exhibits, including a lengthy spreadsheet of consumer complaints that were similar to the allegations in the Federal and State complaints.

12.  Plaintiffs' counsel combed through dozens of consumer complaint boards and websites, including the Better Business Bureau which had over 650 pages of consumer complaints against 24 Hour Fitness. Plaintiffs' counsel also collected declarations from Plaintiffs, former employees and potential class members who had contacted them complaining of the same wrongdoing as that alleged in the complaints. Plaintiffs produced to 24 Hour Fitness responses to

DECLARATION OF RAFEY S. BALABANIAN                    CASE NO. 4:16-CV-01668-JSW

its questions and various extensive exhibits compiled after their further intensive investigation and witness outreach and interviews.

13.     24 Hour Fitness likewise responded to Plaintiffs' requests for documents producing information concerning its operations, gym membership contracts, and sales and marketing policies and practices. 24 Hour Fitness produced over 7,000 documents consisting of nearly 50,000 pages. These documents included marketing and sales materials, internal emails, and employee presentations, to name a few of the categories produced by 24 Hour Fitness.  Plaintiffs' counsel then spent significant time reviewing documents and memorializing key information.

14.     Following this informal exchange of information, counsel for the parties (including Plaintiffs' counsel in both the Federal and State Actions) met in person in San Francisco, California on October 5, 2016.

15.     At the meeting, the parties engaged in a preliminary discussion about what they believed to be the potential strength and weaknesses of their respective positions, the information that had been exchanged, and whether early resolution was possible.

16.     Shortly thereafter, the parties agreed to engage in a mediation and selected mediator John B. Bates Jr. of JAMS in San Francisco to mediate the dispute with the goal of reaching a global class action settlement.

17.     On January 23, 2017 and again on January 31, 2017, the parties (and to a lesser extent 24 Hour's insurance carrier) participated in an all-day mediation before Mr. Bates. Although the parties did not reach a final agreement during the mediation, they made substantial progress toward a global resolution.  The parties outlined some parameters relating to benefits, the structure of the settlement and the claims process. Building on the progress made in the mediation, the parties continued having discussions following the mediation. These discussions included several follow-up mediation calls with Mr. Bates, and, after making substantial progress with Mr. Bates, the parties continued their arm's-length negotiation with numerous calls between counsel. From February 2017 through present, the parties have had dozens of calls and numerous communications and exchanges of multiple drafts of the settlement agreement, the notice, and claim form.

18.     This arm's-length negotiation, commenced over a year ago, has culminated in the Settlement Agreement now before the Court.

### C.    The Proposed Settlement Class, Class Representatives, and Class Counsel

19.     Based on 24 Hour Fitness's investigation and documents, and as confirmed through Plaintiffs' independent investigation, the Settlement Class includes individuals who entered into a prepaid membership agreement marketed or sold on or after April 1, 2006, with certain exclusions, including those members who had terminated their memberships prior to receiving notice of any increase to the annual renewal amount.

20.     Based on information provided by 24 Hour Fitness, there are approximately 255,000 proposed settlement class members.

21.     Prior to and throughout this litigation, Plaintiffs have demonstrated their adequacy as class representatives and continued willingness to vigorously prosecute this case. They have regularly consulted with counsel, aided in the prosecution of the litigation, reviewed pleadings, documents and the proposed Settlement Agreement, provided declarations as evidence to be used in the mediation, and indicated their desire to continue protecting the interests of the class through settlement or continued litigation.

22.     As detailed above, Edelson PC, Chimicles & Tikellis LLP, Tycko & Zavareei LLP, and Finkelstein Thompson LLP, the law firms representing Plaintiffs and the proposed settlement class members, have and will continue to represent the interests of the class members. Each firm is regularly engaged in major complex litigation, has extensive experience in consumer class action lawsuits, and has frequently been appointed lead class counsel by courts throughout the country.

23.     My firm, Edelson PC has devoted—and will continue to devote—a significant amount of time and effort to this litigation, which began with our initial investigation of Plaintiffs' claims and has continued to this day, contributing resources towards discovery, motion practice, and settlement negotiations.

24.     Chimicles & Tikellis LLP and Tycko & Zavareei LLP have also devoted—and have committed to continue devoting—a significant amount of time and effort to this litigation,

1  including by playing an integral role in the negotiation and drafting of the Settlement Agreement

2  and its Exhibits. Both firms were instrumental in settlement negotiations, and along with my

3  firm, Chimicles & Tikellis LLP bore the lion's share of responsibility among Plaintiffs' counsel

4  in drafting the Settlement Agreement and its Exhibits.

5         25.    Finkelstein Thompson LLP has also been active in this litigation from the

6  beginning and will continue to devote whatever resources are necessary to bring the litigation to

7  a successful conclusion.

8         **D.  *Exhibits***

9         26.    Attached hereto as Exhibit A is a true and accurate copy of the Joint Stipulation

10 and Settlement Agreement, with Exhibits.

11        27.     Attached hereto as Exhibit B is a true and accurate copy of the Firm Resume of

12 Edelson PC.

13        28.    Attached hereto as Exhibit C is a true and accurate copy of the Firm Resume of

14 Chimicles & Tikellis LLP.

15        29.    Attached hereto as Exhibit D is a true and accurate copy of the Firm Resume of

16 Tycko & Zavareei LLP.

17        30.    Attached hereto as Exhibit E is a true and accurate copy of the Firm Resume of

18 Finkelstein Thompson LLP.

19                      *                      *                      *

20        I declare under penalty of perjury that the foregoing is true and correct.

21

22        Executed this 1st day of November 2017 at San Francisco, California.

23

24        _____

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

3        I, Rafey S. Balabanian, an attorney, certify that on November 1, 2017, I served the above

4   and foregoing *Declaration of Rafey S. Balabanian in Support of Plaintiffs' Motion for*

5   *Preliminary Approval of Class Action Settlement Agreement* by causing true and accurate

6   copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF

7   electronic filing system.

8

9                                           /s/        Rafey S. Balabanian

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RAFEY S. BALABANIAN                    CASE NO. 4:16-CV-01668-JSW