1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re 24 Hour Fitness Prepaid Memberships Litigation* | CASE NO. 4:16-cv-01668<br><br>CONSOLIDATED CASES:<br>　　No. 3:16-cv-01668-JSW<br>　　No. 3:16-cv-02359-JSW<br><br>**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING JOINT STIPULATION AND SETTLEMENT AGREEMENT** AS MODIFIED HEREIN |

The Court has considered the parties' stipulation to amend the settlement agreement (Dkt. No. 116), and their response to the Court's questions (Dkt. No. 117).  The Court HEREBY RULES AS FOLLOWS:

The Parties to the Litigation have entered into a Joint Stipulation and Settlement Agreement (the "Settlement Agreement") dated November 1, 2017, attached as Exhibit A to the Declaration of Rafey S. Balabanian in Support of Plaintiffs' Motion for Preliminary Approval of the Settlement (the "Motion").  The Court has reviewed and considered all papers filed in support of the Motion, including the Joint Stipulation and Settlement Agreement and exhibits thereto and the Declaration of Rafey S. Balabanian in Support of the Motion.  The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement, preliminarily certifying the Settlement Class as defined herein, directing that notice be disseminated to Settlement Class Members in accordance with the terms of the Settlement Agreement, and setting a Fairness Hearing at which the Court will consider whether to grant final approval of the Settlement Agreement.

ACCORDINGLY, the Court GRANTS the Motion for Preliminary Approval of the Settlement as provided for herein:

1. Capitalized terms used herein but not otherwise defined shall have the same meaning as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement Agreement.

3. The Court conditionally certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> all Persons in the United States who were enrolled in a 24 Hour Fitness Prepaid Membership as of April 2015, as indicated in 24 Hour Fitness's membership records system, excluding:  (a) any current employees or agents of 24 Hour Fitness, (b) any officers or employees of the Court, the mediator, and their respective immediate family members, (c) counsel for all Parties and members of their immediate family members, (d) any Person whose Prepaid Membership was terminated but who did not receive notice of Increased Annual Renewal Amount, as indicated in 24 Hour Fitness's membership records system, and (e) any Persons who properly submit an Opt Out.

This conditional certification shall be without force or effect if there is no Order and Judgment, if the Order and Judgment are reversed or modified on appeal, or if the Settlement Agreement is terminated, fails to be approved, fails to become effective, or otherwise fails to be consummated.

[P~~ROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AS MODIFIED         1         CASE NO. 4:16-CV-01668

4. The Court appoints, for settlement purposes only, Kevin O'Shea, Mark Vitcov, Rod Morris, Michael Losquadro, Russell Marchewka, and Dipti Shah, as Representative Plaintiffs.

5. The Court appoints, for settlement purposes only, the following attorneys as Settlement Class Counsel: (a) Rafey Balabanian and Eve-Lynn Rapp of Edelson PC, 123 Townsend Street, Suite 100, San Francisco, CA 94107; (b) Gordon Fauth, of counsel to Finkelstein Thompson LLP, 100 Pine Street, Suite 1250, San Francisco, CA 94111; (c) Timothy Mathews and Catherine Pratsinakis of Chimicles & Tikellis LLP, 361 West Lancaster Avenue, Haverford, PA 19401; and (d) Kristen Sagafi of Tycko & Zavareei LLP, 483 Ninth Street, Suite 200, Oakland, CA 94607.

6. The Court appoints Rust Consulting, Inc., as the Settlement Administrator.

7. The Court approves the Notice, substantially in the form attached as Exhibit 1 to the Motion and the notice plan described in Section V.4 of the Settlement Agreement: as modified by the Stipulation to Amend the Settlement Agreement and Attachment A to that stipulation. (Dkt. No. 116.)

8. Persons on the Notice List who wish to opt out of the Settlement Class must fully execute and submit to the Settlement Administrator a written statement that is postmarked no later than sixty (60) days following the Notice Date, as described in Section 6 of the Settlement Agreement as modified by the Stipulation to Amend the Settlement Agreement and in the Class Notice. Each written Opt Out must include:

    a. The name of the lawsuit, *In re 24 Hour Fitness Prepaid Memberships Litigation*, Case No. 4:16-cv-01668-JSW;

    b. Such Person's (i) full name, (ii) address, (iii) Prepaid Membership agreement number, (iv) Prepaid Member number, (v) telephone number, and (vi) email address, if any;

    c. A statement that Such Person wishes to be excluded from the Settlement Class and from participating in the proposed Settlement Agreement; and

    d. Such Person's signature.

If a fully completed and properly executed Opt Out is not received by the Settlement Administrator from such Person postmarked on or before the date sixty (60) days following the Notice Date, then that Person will be deemed to have forever waived his or her right to opt out of the Settlement Class and the Releases described in Section 3 of the Settlement Agreement shall apply to that Person. Persons in the Notice List who do not properly submit Opt Outs shall be deemed Settlement Class

Members and will be bound by the Settlement Agreement and all subsequent proceedings, orders and judgments in this Litigation. Persons in the Notice List who properly submit Opt Outs are not Settlement Class Members, and shall have no further role in the Litigation.

9. Settlement Class Members who wish to object to the Settlement must file a written objection with the Court and serve any such written objection on counsel for the respective parties within sixty (60) days following the Notice Date.  The objection must contain:

    a. The full name, address, telephone number and email address, if any, of the Settlement Class Member;

    b. The Settlement Class Member's Prepaid Membership agreement number and Prepaid Member number, as printed in the Class Notice;

    c. The name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

    d. A written statement of all grounds for the objection accompanied by any legal support for the objection, if any;

    e. Copies of any papers, briefs, or other documents upon which the objection is based.

    f. A statement of whether the Settlement Class Member intends to appear at the Fairness Hearing either personally or through counsel, who must file an appearance or seek *pro hac vice* admission; and

    g. The signature of the Settlement Class Member.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal from the Order and Judgment.

10. The Response Deadline for submitting a Claim Form and Declaration shall be sixty (60) days following the Notice Date.  Settlement Class Members who wish to submit a Claim Form and Declaration must mail it to the Settlement Administrator postmarked on or before the Response

Deadline or upload it to the Class Website on or before the Response Deadline.  Settlement Class Members shall have twenty-one (21) days from the date of receipt of notice of defective Claim Form and Declaration to cure such defect.

11. Representative Plaintiffs shall file a motion for final approval of the Settlement Agreement at least thirty-five (35) days prior to the Fairness Hearing.  Such motion shall include any responses to objections filed by Settlement Class Members.

12. Settlement Class Counsel shall file a motion for reasonable attorneys' fees and expenses to be awarded to Settlement Class Counsel, and incentive awards to the Representative Plaintiffs, at least twenty-one (21) days prior to the deadline for opt outs and objections to the Settlement.

13. The Court sets   June 1, 2018   at  9:00 a.m.   as the date and time of the Fairness Hearing, at which point the Court will determine whether to grant final approval of the Settlement Agreement, including the award of attorneys' fees and incentive awards contemplated by the Settlement Agreement, and enter the Order and Judgment.

14. The Court reserves the right to continue the date of the Fairness Hearing and related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted on the Class Website, and the Parties shall not be required to re-send Notices.

15. In the event the Settlement Agreement is not finally approved or is otherwise terminated in accordance with provisions of the Settlement Agreement, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Representative Plaintiffs, 24 Hour Fitness, and Persons in the Settlement Class.

**IT IS SO ORDERED**

DATED:  December 13, 2017                      _____
                                               Hon. Jeffrey S. White
                                               United States District Court Judge

[PROPOSED] ORDER PRELIMINARILY                 4                        CASE NO. 4:16-cv-01668
APPROVING SETTLEMENT AS MODIFIED