UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE 24 HOUR FITNESS PREPAID MEMBERSHIP LITIGATION<br><br>This document applies to all actions | Case No. 16-cv-01668-JSW<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS**<br><br>Re: Dkt. Nos. 124, 134 |

Now before the Court for consideration are the motion for final approval of class action settlement agreement and the motion for attorneys' fees and expense reimbursement, and plaintiff service awards, regarding the class action settlement entered into by and among Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") and Plaintiffs Kevin O'Shea, Mark Vitcov, Rod Morris, Michael Losquadro, Dipti Shah, and Russell Marchewka as individuals and as "Class Representatives" (collectively the "Parties"). The Court has considered the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), amendments and exhibits thereto, the stipulations regarding the acceptance of late claims, the arguments and authorities presented by the Parties and their counsel, and the objection submitted by Andy Gatenby, who also appeared and spoke on the record at the hearing. The Court GRANTS the motion for final approval and GRANTS the motion for attorneys' fees, costs, and incentive awards.

It is HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1.  Terms and phrases in this Order not otherwise defined herein shall have the same meaning as ascribed to them in the Settlement Agreement (Dkt. No. 112-1).

2.  This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Class it certified for settlement purposes

1  pursuant to Federal Rule of Civil Procedure 23(b)(3), consisting of "all Persons in the United
2  States who are Prepaid Members as indicated in 24 Hour Fitness's membership records system,
3  excluding: (a) any officers or employees of the Court, the mediator, and their respective
4  immediate family members, (b) counsel for all Parties and members of their immediate family
5  members, (c) any current employees or agents of 24 Hour Fitness, (d) any Person whose Prepaid
6  Membership was terminated but who did not receive a notice of Increased Annual Renewal
7  Amount, as indicated in 24 Hour Fitness's membership records system, and (e) any Persons who
8  properly submit an Opt Out."

3.  On December 14, 2017, this Court granted Preliminary Approval of the Settlement Agreement finding, subject to the Final Approval Hearing, the Settlement Agreement to be "fair, reasonable, adequate, and in the best interest of the Class." (Dkt. No. 121.)

4.  The Court confirms certification, for purposes of settlement only, of a class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as "all Persons in the United States who are Prepaid Members as indicated in 24 Hour Fitness's membership records system, excluding: (a) any officers or employees of the Court, the mediator, and their respective immediate family members, (b) counsel for all Parties and members of their immediate family members, (c) any current employees or agents of 24 Hour Fitness, (d) any Person whose Prepaid Membership was terminated but who did not receive a notice of Increased Annual Renewal Amount, as indicated in 24 Hour Fitness's membership records system, and (e) any Persons who properly submit an Opt Out" (the "Settlement Class").

5.  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Settlement Class and who have not submitted a timely and valid request for exclusion are "Settlement Class Members."

6.  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order (Dkt. No. 121) and consisting of direct mail notice supplemented by email, an interactive settlement website, and a toll-free phone number, has been successful and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of

the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

7. The following 10 members of the Settlement Class have submitted a valid, timely request for exclusion from the Settlement and are hereby excluded:

| Name | State |
| --- | --- |
| SCOTT ARTMAN | TX |
| SARAH ARTMAN | TX |
| YVONNE ASHLEY | UT |
| MARTIN BAKER | CA |
| ANH LE | CA |
| AMBER SHREVE | CA |
| JENNIFER SHREVE | CA |
| JORDAN STATE | CA |
| TRACY WANG | WA |
| GILES SYDNOR | WA |

8. Claim Forms and Declarations from Settlement Class Members that are otherwise valid and are postmarked on or before March 12, 2018 will be accepted. The Claim Forms and Declarations of Jon Kaisen Bowden-Verhock, John Roscher, Rebecca Roscher, and Daniel Koes will be accepted as timely. Fifty nine (59) late Claim Forms and Declarations from Settlement Class Members, identified by Claimant ID on Appendix 1 to the Second Stipulation Regarding Late Claims (Dkt. No. 143) ("Appendix 1"), will be accepted as timely. With the exception of the Settlement Class Members identified on Appendix 1 and Settlement Class Members referenced in this Paragraph, Claim Forms and Declarations from Settlement Class Members postmarked after March 12, 2018 are untimely.

9. Plaintiffs argued that Class Member Andrew Gatenby failed to file his objection in

1  accordance with the requirements set forth in the Settlement Agreement and this Court's Order
2  granting preliminary approval to the Settlement, and thus, waived his right to object to the
3  Settlement Agreement. At the hearing, Mr. Gatenby stated on the record that he did mail a copy
4  of his objection to the Court. The Court overrules Plaintiffs' procedural objection and has
5  considered the merits of Mr. Gatenby's objection. At the hearing, Mr. Gatenby acknowledged the
6  relief the Settlement Agreement does provide for the class, but he felt the settlement was unfair to
7  those Class Members whose clubs were sold and for whom a 24 Hour Fitness club is not easily
8  accessible to them. He suggests that such class members should be able to continue to receive a
9  reimbursement from Defendant for any increase in fees they incurred.

10  Class Members in Mr. Gatenby's situation are able to obtain reimbursement for past
11  overpayments. The Parties also submitted a further declaration from the Settlement Administrator
12  that over 1,000 Class Members in Mr. Gatenby's situation did submit claim forms and have not
13  objected to the terms of the Settlement Agreement. Further, the record demonstrates that
14  Defendant sold the clubs at issue before this case was filed. For these reasons, the Court overrules
15  Mr. Gatenby's objection. The Court further finds that there were no other valid objections to the
16  Settlement.

17  10.  The Court finds that the Settlement Administrator properly and timely notified the
18  appropriate government officials of the Settlement Agreement, pursuant to the Class Action
19  Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of
20  CAFA notice and finds that it complied with all applicable requirements of CAFA. Further, more
21  than ninety (90) days have elapsed between the date the Settlement Administrator provided notice
22  pursuant to CAFA and the Final Approval Hearing.

23  11.  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members
24  are bound by this Order and by the terms of the Settlement Agreement.

25  12.  Upon the Final Settlement Date, the Releasing Parties, and each of them, shall be
26  deemed to have, and by operation of this Order and the judgment shall have fully, finally, and
27  forever released, relinquished, and discharged all Released Claims against the Released Parties.

28  13.  The Class Representatives and all Settlement Class Members shall, as of the Final

4

Settlement Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Final Settlement Date.  The Class Representatives and all Settlement Class Members shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, all protections, rights and benefits of California Civil Code section 1542[1] and any law or legal principle of similar effect in any jurisdiction, whether federal or state.

14. This Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to Settlement Class Members is reasonable and in the best interests of the Settlement Class Members, considering the disputed issues, circumstances, and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits.  By way of example, while the parties were in the midst of resolving the matter, the Court granted, with leave to amend, Defendant's motion to dismiss and found that the named Plaintiffs' claims were barred by the statutes of limitations.  The Parties note that this ruling almost derailed the settlement, which had been reached by way of arms' length negotiations between the Parties, including negotiations presided over by John B. Bates, Esq. of JAMS.

The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  This finding is also supported by,

---

[1] Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

among other things: the fact that the Settlement provides monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Class Representatives; the benefits provided to Settlement Class Members are appropriate under the circumstances of this case.

15. As noted, the Court has specifically considered the factors relevant to class settlement approval, including, *inter alia*, the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; the non-presence of a governmental participant; and the number of claims submitted by Settlement Class members, the low number of opt-outs, and the low number of objections.   Upon consideration of such factors, the Court finds the Settlement is fair, reasonable, and adequate to all concerned.

16. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

17. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement according to its terms and provisions.  The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

18. This Court hereby dismisses the Action on the merits and with prejudice.

19. Upon the Final Settlement Date, the above releases of claims and the Settlement Agreement will be binding on, and will have res judicata and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties.  All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

20. The Court has also considered Plaintiffs' motion for attorneys' fees and expenses to

1   Class Counsel. Class Counsel asks the Court for $1,500,000.00, which also includes the costs
2   they have incurred. Pursuant to Rule 23(h), a court may order reasonable attorneys' fees and costs
3   as part of the parties' settlement. Although there is no common fund in this case, the parties
4   estimate that the benefit to the class is approximately $24,000,000.00.

5   The Court has evaluated the request for fees using both a percentage method and the
6   lodestar method to determine if the request for fees is reasonable. *See, e.g., In re Online DVD-*
7   *Rental Antitrust Litig.*, 779 F.3d 1034, 1049 (9th Cir. 2015). The Ninth Circuit has established
8   that 25% of a common fund is a "benchmark" for purposes of evaluating the fee request. *Id.* at
9   955; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). In light of the
10  benefit to the class, the fee request is below the benchmark range.

11  The Court also may consider the following factors under the percentage method: (1) the
12  results achieved; (2) the risk involved with the litigation; (3) the skill required and quality of work
13  by counsel; (4) the contingent nature of the fee; and (5) awards made in similar cases. The Court
14  may adjust this benchmark to account for "special circumstances." *Six Mexican Workers v. Ariz.*
15  *Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Having considered these factors, the Court
16  finds that the fee request is reasonable. In addition, Class Counsel have provided declarations
17  setting forth the lodestar amounts incurred since the inception of the litigation. The Court applies
18  the lodestar method by multiplying a reasonable hourly rate by the number of hours reasonably
19  spent litigating the case. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir.
20  2001). The Court concludes Class Counsel have demonstrated their hourly rates are reasonable
21  within the "relevant community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir.
22  2008). Based on the supplemental declarations submitted by Class Counsel, the Court also finds
23  that the number of hours expended on this case was reasonable.

24  Accordingly, the Court finds that the Fee Award to Class Counsel is fair and reasonable
25  under both a common fund approach and a lodestar approach.

26  21.   The Court has also considered Plaintiffs' (the "Class Representatives") motion for
27  incentive awards. "Incentive awards are fairly typical in class action cases." *Rodriguez v. West*
28  *Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). In order to determine whether incentive

1    payments are warranted, "district courts must be vigilant in scrutinizing all incentive awards to
2    determine whether they destroy the adequacy of the class representatives. ... [C]oncerns over
3    potential conflicts may be especially pressing where … the proposed service fees greatly exceed
4    the payments to absent class members." *Radcliffe v. Experian Information Solutions, Inc.*, 715
5    F.3d 1157, 1165 (9th Cir. 2013) (internal citation and quotation marks omitted).

6    In general, an incentive award is designed to "compensate class representatives for work
7    done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the
8    action, and, sometimes, to recognize their willingness to act as a private attorney general."
9    *Rodriguez*, 563 F.3d at 958-59.  Courts may consider the following criteria in determining whether
10   to provide incentive awards: "(1) the risk to the class representative in commencing suit, both
11   financial and otherwise; (2) the notoriety and personal difficulties encountered by the class
12   representative; (3) the amount of time and effort spent by the class representative; (4) the duration
13   of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative
14   as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal.
15   1995).  Ultimately, the decision to approve such an award is a matter within the Court's discretion.
16   *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).

17   The Court concludes that the Class Representatives have adequately supported their
18   requests for incentive awards in their declarations, which set forth the hours they have expended
19   on this case and the types of tasks in which they engaged.  The amount requested is "relatively
20   small, [and] well within the usual norms of modest compensation paid to class representatives for
21   services performed in the class action." *In re Online-Rental*, 779 F.3d at 942-43 (approving award
22   of $5,000 to each of nine class representatives).  When the Court considers the factors set forth
23   above, the Court concludes that an incentive award in the amount of $3000.00 for each Class
24   Representative to be paid by Defendant is fair, reasonable, and justified under the circumstances of
25   this case.  Such payment shall be made pursuant to and in the manner provided by the terms of the
26   Settlement Agreement.

27   22.    Except as otherwise set forth in this Order, the Parties shall bear their own costs
28   and attorneys' fees.  The benefits and payments described in the Settlement Agreement are the

8

only consideration, fees, and expenses Defendant or the Released Parties shall be obligated to give to the Class Representatives, Settlement Class Members, Releasing Parties and Class Counsel in connection with the Settlement and the payment of attorneys' fees and expenses in this Action. All other relief not expressly granted to the Settlement Class Members is denied.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

24. Without affecting the finality of this Order or the judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement Agreement and this Order and judgment, and for any other necessary purpose all matters ancillary thereto.

The Clerk shall close this file and also shall close the file in *Marchewka v. 24Hour Fitness*, 16-cv-2359-JSW.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: June 8, 2018

_____
JEFFREY S. WHITE
United States District Judge